[No. 1454. Decided December 4, 1894.]

PETER BELLES, *Respondent, v.* A. N. MILLER, *Appellant.*

EJECTMENT—PLEADING—SUPPLEMENTAL COMPLAINT—JUDGMENTS
—COLLATERAL ATTACK.

Where the purchaser of premises sold under execution brings an action of ejectment to recover possession, he is not required, under the statute (Code Proc., § 531) requiring him to set forth in his complaint the nature of his estate, claim or title to the property, to plead all the proceedings authorizing the sale alleged to have occurred in the superior court.

In an action of ejectment the complaint states a sufficient cause of action when it alleges that the plaintiff is the owner of the land described therein, subject to the right of redemption of the defendant, setting forth that plaintiff became such owner by virtue of a sale under execution, describing the court, and alleging that the execution was for the purpose of satisfying a valid judgment entered in the cause, properly describing and setting forth a copy of the sheriff's certificate of sale, together with an allegation that the sale had been confirmed.

Where a plaintiff has brought an action in ejectment based upon his right of possession under a sheriff's certificate of sale on execu-

tion, and during the pendency of the action his inchoate title ripens through the expiration of the year of redemption, it is not error to allow him to file a supplemental complaint demanding the additional relief that he be adjudged the owner of the fee, as the nature of the action is not thereby so changed as to constitute the supplemental complaint an entirely different cause of action.

Although a judgment of default, in an action for foreclosure of a mortgage upon realty, may have been erroneously rendered, because a demurrer to the complaint was pending at the time, yet the judgment cannot be attacked on that ground in an action of ejectment brought by the purchaser under the execution sale for the purpose of obtaining possession of the premises.

*Appeal from Superior Court, Pierce County.*

*Judson Applegate* and *J. F. Ramage*, for appellant.

It was error to permit plaintiff to file a supplemental complaint, which changed the nature of the action from a right to possession, or rents, issues and profits, to one of title, amounting to a substitution of a new cause of action. *Andrews v. Andrews*, 3 Wash. T. 286; *Patten v. Stewart*, 24 Ind. 343; 95 Ind. 4; 108 Ind. 298. In ejectment the plaintiff must still rely upon the title originally set out; he cannot, by supplemental petition, rely on one since acquired. *Moon v. Johnson*, 14 S. C. 434.

*H. G. Rowland* and *Hoxie, Richardson & Bogle*, for respondent.

There was error in permitting the plaintiff to file a supplemental complaint. The only change made by filing the supplemental complaint was to allege that the defendant had failed to redeem, and a demand was made for the further relief that the sale under execution be declared valid, and that plaintiff be adjudged to be the owner in fee simple. 1 Beach, Modern Eq. Pr., § 491; Story, Eq. Pl. (10th ed.), 336; *Bard v. Kleeb*, 1 Wash. 375; *Meacham Arms Co. v. Swarts*, 2 Wash. T. 412; *Penman v. Slocum*, 41 N. Y. 53; *Gove v. Lyford*, 44 N. H. 525.

The opinion of the court was delivered by

DUNBAR, C. J.—Appellant Miller and William Carroll purchased from respondent certain lands in the city of Puyallup, for the sum of five thousand dollars, paying one

thousand dollars cash, and executed their note to Peter Belles for $4,000. A mortgage was also executed to Belles by William Carroll, Jane Carroll and appellant Miller upon the land so purchased. The note not having been paid at maturity thereof, on the 3d day of May, 1892, respondent instituted suit upon both note and mortgage against William Carroll, Jane Carroll and appellant Miller. Summons was served upon William Carroll and Jane Carroll on the 3d day of May, 1892, and upon Miller on the 4th day of May, 1892. On the 23d day of May the attorney for respondent filed an application or claim of default as to William and Jane Carroll, and on the 24th day of May filed a similar claim as to A. N. Miller. On the 25th day of May, 1892, all the defendants appeared by their attorney, and demurred to the complaint. This demurrer was placed on the motion docket, and marked continued by the judge. On the 11th day of June, and while the demurrer remained undisposed of, a default decree was entered against all of the defendants. The property described in the mortgage was sold by the sheriff under a writ, and was bid in by the plaintiff for $500. This property was afterwards redeemed by Miller. There was a deficiency, after the sale of the land on the judgment, of $4,500. To satisfy this balance execution was issued and levied upon the land which is the subject of this suit, and which belonged to Miller. This was sold, and purchased by respondent Belles for an amount sufficient to satisfy his judgment. From the judgment of foreclosure Miller and others appealed, without supersedeas, to this court, and sought to reverse the judgment, on the ground that it had been irregularly entered. This appeal was dismissed because the appellants had failed to apply to the superior court to have the default set aside; see *Belles v. Carroll*, 6 Wash. 131 (32 Pac. 1060). After the dismissal of the appeal appellant applied to the lower court to vacate the judgment, which application was denied. In the meantime the respondent had received a certificate of sale from the sheriff, and instituted this action to recover possession of the land purchased. While the action was pending, the year within

which the defendant had a right to redeem expired, and plaintiff received a deed from the sheriff, and then asked and obtained leave, on proper notice, to file a supplemental complaint, in which he demanded the additional relief that he be adjudged the owner in fee. Motions to make more definite and certain and demurrers were interposed by the defendant to the complaint and supplemental complaint, which were overruled. The answer of the defendant was to the effect that the judgment under which the land was sold was void, and it also alleged that the court exceeded its jurisdiction in entering the decree and the judgment for deficiency, etc. The plaintiff, in reply to that part of the answer which alleged the defects in the judgment in the original action, pleaded the judgment of the court refusing to vacate such judgment as *res adjudicata.*

The first assignment of error is that the court erred in refusing to sustain the motion of the defendant to direct the plaintiff to make his amended complaint more specific and certain by setting forth all the proceedings alleged to have occurred in the superior court of Pierce county, it being claimed that as this was an action in ejectment the plaintiff should have set forth in his complaint the nature of his estate, claim, or title to the property, as provided in § 531, Code Proc.

We think the motion was properly overruled by the court, for while the law requires that the nature of his estate, claim or title to the property should be set forth in his complaint it certainly does not mean that all evidentiary matter should be pleaded in the complaint. The complaint alleges that the plaintiff was the owner of the land described therein, subject to the right of redemption of the defendant, and it also sets forth the manner in which he became such owner, viz., that it was by virtue of a sale under execution, describing the court and the purpose of the execution, viz., for the purpose of satisfying a valid judgment entered in the cause, properly describing and setting forth a copy of the sheriff's certificate of sale, together with an allegation that the sale had been confirmed. While it is true that this court has

announced the rule that the complaint must state a plain and concise statement of facts, and not the legal effect of those facts, or the legal conclusions from them, it seems to us that the complaint in this instance does state facts sufficiently definite to maintain itself.

The same may be said of the action of the court in overruling the demurrer to the complaint.

The appellant also objects to the action of the court in allowing the plaintiff to file a supplemental complaint, claiming that it changed the nature of the action from a right to possession to one of title, and amounted in reality to the substitution of a new cause of action. We do not think that such was the effect of the supplemental complaint filed in this case. When the original complaint was filed, the plaintiff, under his certificate of sale, was entitled to the possession of the land. See *Debenture Corporation v. Warren,* 9 Wash. 312 (37 Pac. 451). The certificate in this instance conferred upon the plaintiff an inchoate title. This inchoate title ripened when the time for redemption had expired. In this instance, at the time the supplemental complaint was filed something had happened which had not happened at the time of the filing of the original complaint. That something was the expiration of the year within which the defendant had a right to redeem. To that extent it added to the relief which the plaintiff was entitled to, viz., to have the fee declared to be in him. It seems to us that the nature of the action was not changed to such an extent that it made another and entirely different cause of action. Besides, the question of amendment is one that is largely discretionary in the trial court, and unless this court concluded that the discretion had been abused to the extent of injuring the parties litigant it would not interfere with the discretion vested in the trial court.

This brings us to the question, and the main question discussed in the case, as to whether the proceedings in the foreclosure of the mortgage, and the judgment for deficiency which was entered therein, were valid. It must be borne in mind that the judgment which is sought to be attacked col-

laterally in this case is the same judgment which was appealed from to this court in the case of *Belles v. Carroll, supra;* that it is the same judgment which appellant afterward moved the court to vacate, and which the court refused to vacate, and from which order of refusal no appeal was taken. When appellant neglected to appeal from the decision of the court in refusing to vacate the judgment, we think he lost his remedy so far as this case is concerned. It is the well established law that mere irregularities of a court will not render the judgment void, and that if the judgment is not void it cannot be collaterally attacked, but must be appealed from.

The rule is thus announced by Black on Judgments, § 245 :

"Where the court has jurisdiction of the parties and the subject matter in the particular case, its judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment, by parties or privies, in any collateral action or proceeding whatever. 'The doctrine of this court, and of all the courts of this country, is firmly established, that if the court in which the proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction will render the proceedings void, nor can such errors be considered when the judgment is brought collaterally into question.' This principle is not merely an arbitrary rule of law established by the courts, but it is a doctrine which is founded upon reason and the soundest principles of public policy. 'It is one which has been adopted in the interest of the peace of society and the permanent security of titles.'"

And many cases are cited to sustain the text.

In this case there is no dispute that the court had jurisdiction of the subject matter, viz., the foreclosure of the mortgage, and of the persons of the defendants by reason of the service by summons, and also by reason of their appearance entered in the case. Having, then, this jurisdiction both of the subject-matter and of the persons of the defendants, the judgment entered by the court was not void, because it decided a question which it had power to decide and granted a relief which it had power to grant, and the relief

which it granted was not in excess of the relief which it had authority to grant under the pleadings in the case. Consequently any wrongful action of the court was simply erroneous, and did not go to the jurisdiction at all, and therefore, under the rule announced above, cannot be proceeded against collaterally.

The test laid down in 1 Freeman on Judgments, § 118, is that if the petitioner states such a case in his petition that on a demurrer the court would render judgment in his favor, it is an undoubted case of jurisdiction. As we have seen in this case the court was justified in overruling the demurrer to the complaint, and, consequently, under the test prescribed, the action of the court, if error at all, was simply an irregularity which would have been cured by appeal.

This is also the rule announced by the supreme court of the United States in *United States v. Arredondo*, 6 Pet. 691, where the court says :

"The power to hear and determine a cause is jurisdiction ; it is '*coram judice*,' whenever a case is presented which brings this power into action ; if the petitioner states such a case in his petition that on a demurrer the court would render judgment in his favor, it is an undoubted case of jurisdiction."

The entering of the judgment while the demurrer was pending was simply an irregularity which did not render the judgment void, and consequently, as we have seen, not subject to be impeached collaterally, but which should have been called to the attention of the court in due season, and from which an appeal would have lain in case of the refusal of the court to correct the irregularity or vacate the judgment which was based upon such an irregularity and unlawful action.

It was decided by the supreme court of the United States, in *White v. Crow*, 110 U. S. 183 (4 Sup. Ct. 71), where the agent of an absent defendant, upon whom process had been duly served, appeared and consented to the entry of a judgment against the defendant before the time for filing answer had expired, and no fraud was shown, that on an attempt

to attack the judgment collaterally by reason of entry before the time for answering had expired, the court would make all necessary presumptions to sustain it. The court, after reciting the fact that the service has been made upon the proper persons, and the fact that the party who consented to the entry of the judgment was shown to have been the agent of the company, and authorized to consent to the rendition of the judgment, proceeds as follows :

" But if he was not such agent, the question arises whether the rendition of the judgment before the time for filing defendant's answer had expired renders the judgment void. We are of opinion that it does not; that its rendition was simply erroneous and nothing more. The court having jurisdiction to render the judgment, and having rendered it, the law, when the judgment is collaterally attacked, will make all presumptions necessary to sustain it."

And, after citing *Grignon's Lessee v. Astor*, 2 How. 319, the court, continuing, says :

" The defendant being in court, was bound to take notice of its proceedings, and might have corrected the error at any time during the term. It did not move to set the judgment aside. It filed no answer. The presumption, therefore, which the law makes is either that it consented to a submission of the case before the time for answer expired, or that it subsequently waived the error by not seeking to correct it."

So in this case, we say, the defendants were in court, and were bound to take notice of its proceedings. They did move to set the judgment aside, and upon the refusal of the court to grant the motion, instead of appealing from the judgment of the court in so refusing, they allowed such judgment to stand, and the presumption therefore is that they consented to the action of the court as binding upon them, and they will not now be allowed to disturb rights which have grown up out of such judgment.

In *Cooper v. Reynolds*, 10 Wall. 308, the United States supreme court says :

" It is of no avail, therefore, to show that there are errors in that record, unless they be such as prove that the court had no jurisdiction of the case, or that the judgment

rendered was beyond its power. This principle has been often held by this court, and by all courts, and it takes rank as an axiom of the law.''

And in *Cornett v. Williams*, 20 Wall. 226, the court said :

''The settled rule of law is that jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud.''

And there are many cases cited to sustain that announcement.

In *McAlpine v. Sweetser*, 76 Ind. 78, it was held that after jurisdiction of the person had been acquired by service of process, the judgment is not void because rendered before the return day. And the court in its opinion approvingly quoted from § 126 of 1 Freeman on Judgments, as follows :

'' From the moment of the service of process the court has such control of the litigants that all its subsequent proceedings, however erroneous, are not void. If there is any irregularity in the process, or in the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending. The fact that the defendant is not given all the time allowed him by law to plead, or that he was served by some person incompetent to make a valid service, or any other fact connected with the service of process, on account of which a judgment by default would be reversed upon appeal will not ordinarily make the judgment vulnerable to a collateral attack.''

In fact the authorities are so overwhelming to this effect that it seems that a further citation would be a work of supererogation.

The errors complained of, then, by the appellant being errors that could have been taken advantage of by appeal from the court in which they were committed, and such errors not reaching to the jurisdiction of the court, the plaintiff is estopped from complaining of them here. It follows that the judgment must in all things be affirmed.

SCOTT, HOYT and STILES, JJ., concur.