[No. 3931. Decided June 26, 1901.]

C. S. KALB, as Guardian, Appellant, v. GERMAN SAVINGS AND LOAN SOCIETY et al., Respondents.

JUDGMENTS — COLLATERAL ATTACK.

An action by a minor seeking to have himself decreed a tenant in common of certain real estate, in which he attacks the

· 25   349
e28   300
28   305

25   349
32   175

25   349
34   120

25   349
36   106

25   349
41   335

validity of a prior judgment in an action to quiet title which decreed he had no interest therein, is a collateral attack upon such prior judgment.

SAME — ADMISSIBILITY OF EVIDENCE.

In a collateral attack upon a judgment against a minor, evidence that no notice of the time or place of trial was given to his guardian *ad litem*, although admissible in a direct attack, is not competent to oust the court of jurisdiction and invalidate its judgment rendered in the prior action.

SUMMONS — SUFFICIENCY.

Under Laws 1887-88, p. 24, which provides that civil actions may be commenced by filing a complaint and issuing a summons, and that, if the action be against a minor under the age of fourteen years, such summons shall be served by delivering a copy thereof to such minor personally, and also to his father,. mother or guardian, etc., a service upon the mother of the minor defendant, although she was not a party to the action, directed to her as such mother and notifying her to appear and defend the action, in addition to a proper service made upon the minor personally, was sufficient, as a substantial compliance with the provisions of the statute.

JUDGMENTS — VALIDITY — PRESUMPTIONS.

The mere fact that a summons was defective in form would not render the judgment in the action void, where the court was one of general jurisdiction, since every fact not negatived by the record must be presumed in support of the decree.

QUIETING TITLE — PLEADING.

In an action to quiet title a complaint which alleged possession of the premises by plaintiff, that he claimed title in fee thereto, and that defendant claimed an estate or interest therein adverse to him, was sufficient to give the court jurisdiction of the subject matter, under Code 1881, § 551, which provided that any person in possession of real property might maintain a civil action against any person claiming an interest in said real property or any right thereto adverse to him, for the purpose of determining such claim, estate or interest.

SAME — RENDITION OF DECREE UPON TRIAL AT CHAMBERS.

Under Code 1881, § 2138, which provided that a judge of the district court might, at chambers, try, hear, and determine all actions, causes, motions, demurrers, and other matters not requiring a trial by jury; and that all judgments and decrees rendered by a judge of the district court at chambers should have

like force and effect as though rendered at a regular term of the district court, a decree in an action to quiet title cannot be held void from the fact that it recites that the cause came on for hearing before the judge at chambers.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Gleeson & Stayt*, for appellant.

*Happy & Hindman*, for respondents.

The opinion of the court was delivered by

MOUNT, J.—William and Sarah Dennis were married on July 2, 1878. In 1879 a son, Herbert, was born to them. In 1882 J. M. Glover and wife, who were the owners of the west half of lot 3 in block 17 of the Resurvey and Addition to Spokane Falls, Washington, sold the said property to said Sarah Dennis. In 1884 William Dennis died intestate, leaving his widow and son, Herbert, as only heirs. In 1884, after the death of her husband, Sarah Dennis, a widow, sold the said realty to Henry French. In 1889 said French brought an action in the superior court of Spokane county to quiet his title against the claim of said minor, Herbert Dennis. Service of summons was had upon said Herbert and his mother. Thereafter a guardian *ad litem* was appointed and appeared in said action, but did not in his answer set forth the interest of said minor, but submitted "his rights and interests . . . to the tender consideration of this honorable court, and prays strict proof of the matters alleged in plaintiff's complaint." The court upon the trial found that said Herbert had no interest in the said property and that Sarah Dennis, at the time she sold said property, had title in fee in her own separate right, and entered a decree accordingly quieting title in said French. The respondents on this appeal are the successors in interest of said French. This action

was brought in the lower court by C. S. Kalb, as general
guardian of Herbert Dennis, against the respondents,
claiming to be a tenant in common of said property and
praying to be so decreed.  Upon a trial the court found
for defendants and that the judgment above referred to
in French v. Dennis was and is a valid judgment and de-
cree, unreversed and in full force and effect, and entered
judgment for defendants.  Plaintiff appeals.

It will be readily observed that this is not an action to
set aside the judgment in French v. Dennis, but one seek-
ing to have Herbert Dennis, the defendant in that action,
declared to have an interest in said property, notwithstand-
ing a judgment declaring he has no interest.  It is well,
therefore, to determine at the outset whether this action
is a direct or collateral attack upon that judgment.  No
mention of the judgment in French v. Dennis is made in
the complaint herein.  The answer, after denying all the
allegations in the complaint, sets up the judgment as a
bar to plaintiff's right of recovery, even if he ever had any
interest in the property.  The reply, after denying the al-
legations of the answer, sets out facts which plaintiff
claims invalidated the said judgment.  Vanfleet, in his
work on Collateral Attack, at § 3, says:

"A collateral attack on a judicial proceeding is an at-
tempt to avoid, defeat, or evade it, or to deny its force
and effect in some maner not provided by law.  .  .  .
When a judicial order, judgment, or proceeding is offered
in evidence in another proceeding, an objection thereto on
account of judicial errors is a collateral attack.  Familiar
instances are where a person relies on a judgment as a
justification for a trespass  .  .  .  or to show his right
or title in  .  .  .  ejectment, trespass to try title, or suit
to quiet title.  That the objection to the judgment for
judicial errors in such cases is a collateral attack, the cases
all agree."  Black, Judgments, § 252; *Morrill v. Morrill,*
20 Ore. 96 (25 Pac. 362, 11 L. R. A. 155, 23 Am. St.

Rep. 95); *Finley v. Houser*, 22 Ore. 562 (30 Pac. 494);
*Kizer v. Caufield*, 17 Wash. 417 (49 Pac. 1064).

Under all the authorities, this action is, and must of
necessity be, a collateral attack upon the judgment in
French *v.* Dennis, and must be so treated. It is so treated
by appellant because his whole argument on this appeal is
directed to show that the court erred in admitting the judg-
ment in French *v.* Dennis in evidence in this case, upon
the ground that said judgment is *void*. With this point
determined, we proceed to examine errors alleged.

It is contended on the part of appellant that the court
rendering judgment in French *v.* Dennis had no jurisdic-
tion of the person of defendant, who was a minor. The
law in reference to commencing civil actions in force in
1889,—the time that action was commenced,—was as fol-
lows:

"Section 1.   That civil actions in the several district
courts of this territory may be commenced by filing a com-
plaint and issuing summons signed by the clerk of the court
and under the seal of the court substantially as follows:

" 'Territory of Washington,   &rbrace; ss.
  County of . . . . . . . . . . . . .,

(Here insert names of
    parties plaintiff and
    defendant.)

" 'To the above named defendant:   You are hereby re-
quested to appear in the district court of the . . . . . . . . . .
judicial district, holding terms at . . . . . . . . . ., within
twenty days after the service of this summons, exclusive
of the day of service, if served in the above county, if not
served in said county, but in said district, in thirty days,
if served in any other judicial district in the territory in
forty days, and answer the complaint, of the above named
plaintiff now on file in the office of the clerk of said court,
and unless you so appear and answer, the same will be
taken as confessed and the prayer thereof granted.

" 'Witness my hand and the seal of said court this . . . .
day of . . . . , 18 . . .

" ' . . . . . . . . . . . . . . . . . . . . Clerk of said Court.' "

"Sec. 4.    The summons shall be served by delivering a
copy thereof, as follows:    .  .  .    If against a minor un-
der the age of fourteen years, to such minor personally,
and also to his father, mother, guardian, or if there are
none within this territory, then to any person having the
care or control of such minor, or with whom he resides, or
in whose service he is employed, if such there be."    Laws
1887-88, pp. 24, 25.

The summons served upon Herbert Dennis, who was
then a minor under the age of fourteen years, with the re-
turn thereto, was as follows:

"Territory of Washington, ⎫ ss.
    County of Spokane.       ⎭

In the District Court of the Territory of Washington
in and for the Fourth Judicial District thereof, holding
terms at Spokane Falls, Spokane County, in said Terri-
tory.

HENRY FRENCH, plaintiff,

v.

HERBERT L. DENNIS, defendant.

To the above named defendant:

You are hereby requested to appear in the district court
of the Fourth Judicial District, holding terms at Spokane
Falls, within twenty days after the service of this sum-
mons, exclusive of day of service if served in the above
county; if not served in the above county, but in
said district, in thirty days; if served in any other
judicial district of said territory, in forty days; and
answer the complaint of the above named plaintiff,
now on file in the office of the clerk of said court, and, un-
less you so appear and answer, the same will be taken as
confessed and the prayer thereof granted.

Witness my hand and the seal of this court this 28th day
of May, 1889.

HARRY A. CLARK, *Clerk of said court,*

(SEAL)                By A. S. JOHNSTON, *Deputy.*

A. K. McBROOM, *Attorney for plaintiff.*

Territory of Washington, } ss.
    County of Spokane.

I, E. H. Hinchliff, sheriff of Spokane county, Washington Territory, do hereby certify that I served the within summons on the within named defendant, Herbert L. Dennis, in Spokane county, Washington Territory, on the 6th day of June, A. D. 1889, by then and there delivering to said defendant personally a copy of said summons.

E. H. HINCHLIFF, *Sheriff of Spokane County, W. T.*

    By F. K. PUGH, *Deputy.*"

The summons served upon Sarah Dennis, mother of said defendant, is as follows:

"Territory of Washington } ss.
    County of Spokane.

In the District Court of the Territory of Washington in and for the Fourth Judicial District thereof, holding terms at Spokane Falls, Spokane County in said Territory,

HENRY FRENCH, Plaintiff,

    *v.*

HERBERT L. DENNIS, Defendant.

To Sarah Dennis, mother of Herbert L. Dennis:

You are hereby requested to appear in the district court of the Fourth Judicial District, holding terms at Spokane Falls, within twenty days after the service of this summons, exclusive of day of service, if served in the above county; if not served in the above county, but in said district, in thirty days; if served in any other judicial district of said territory, in forty days; and answer the complaint of the above named plaintiff, now on file in the office of the clerk of said court, and, unless you so appear and answer, the same will be taken as confessed and the prayer thereof granted.

Witness my hand and the seal of this court this 28th day of May, 1889.

    HARRY A. CLARK, *Clerk of said court,*

(SEAL)        By A. S. JOHNSTON, *Deputy.*

    A. K. McBROOM, *Attorney for plaintiff.*

Territory of Washington,   } ss.
  County of Spokane.     }

I, E. H. Hinchliff, sheriff of Spokane county, Washington Territory, do hereby certify that I served the within summons on the within named Sarah Dennis, mother of Herbert L. Dennis, in Spokane county, Washington Territory, on the 6th day of June, A. D. 1889, by then and there delivering to said Sarah Dennis personally a copy of said summons.

    E. H. HINCHLIFF, *Sheriff of Spokane County, W. T.*
                 By F. K. PUGH, *Deputy.*"

It will be noticed that the only difference between the copy served on the minor and the one served on his mother is that the former runs, "To the above named defendant," while the latter runs, "To Sarah Dennis, mother of Herbert L. Dennis:" The statute did not provide a form of summons which must have been followed absolutely, but the form provided should have been *substantially* followed. It was evidently the intention of the statute that, when a minor was being sued, his parent, guardian, or other person having him in care, should have notice of that fact, so that the interests of the minor might be protected; and the statute makes it imperative that both the infant and the parent or his guardian shall be served, before jurisdiction of the person can be acquired. This summons contained the title and *locus* of the court; it named the plaintiff and the defendant; it notified the mother that a complaint was on file, that her son was being sued, and that she must appear therein, and that unless she appeared within a certain time the prayer of the complaint would be granted. We certainly think this summons was sufficient to notify the person served therewith what was meant, and that she must see that her infant appeared in said action and protected his rights, or that she must do so for him. The summons substantially followed the law, was served

strictly in accordance with the provisions of the statute upon both the minor and his mother, and was therefore sufficient.

Conceding, however, that the form of the summons was defective, it does not follow that the said judgment was void, because the court was a court of general jurisdiction, and every fact not negatived by the record must be presumed to support the decree. *Belles v. Miller,* 10 Wash. 259 (38 Pac. 1050); 1 Freeman, Judgments (4th ed.), § 126; 1 Black, Judgments, §§ 223, 263, 170.

The decree recited that service was duly made, and that the property described was the separate property of Sarah Dennis. It must be presumed, in the absence of the record to the contrary, that these facts appeared to the court by competent proof. There is a wide distinction between cases where defective service is had and where no service at all is had, or where the wrong person is served. The case of *Hatch v. Ferguson,* 57 Fed. 966, cited and relied upon by appellant, is of the latter class. There the court found as a fact that one Ferguson, who had been nominated guardian of the infant heirs without bond, "was not the legal guardian of the complainants. Service of the summons in the partition suit upon him was not sufficient to bring them within the jurisdiction of the superior court for Snohomish county, and they are not bound by his appearance as their representative. The sale of their land pursuant to the order of that court is therefore void." In the case before us there is no question that the proper persons were served, but only that the service was void or so defective as to amount to a nullity.

Appellant urges that the complaint in French v. Dennis did not state facts sufficient to give the court jurisdiction of the subject matter. After alleging possession, the said complaint further alleges, "that the plaintiff claims title in

fee to the said premises, and that the said defendant claims an estate or interest therein adverse to the said plaintiff." That action was brought under § 551 of the Code of 1881. Under that section it was sufficient; but, if not sufficient under that section, after judgment reciting proofs that plaintiff holds title in fee, it could not be attacked in this collateral way. 1 Black, Judgments, § 100; Vanfleet, Collateral Attack, §§ 61, 256.

Appellant urges that the decree is void because it recites that the cause came on for hearing before the judge at chambers. There is no merit in this contention. There was no limitation in the organic act, or in any act of congress upon jurisdiction of territorial courts or the judges thereof, which prevented such court or judge from holding court at any time in his district. See § 1865, Organic Act (p. 21, Code 1881); § 1874, Organic Act (p. 23, Code 1881); §1917, Organic Act (p. 27, Code 1881). Nor was there any limitation upon the authority of the legislature which rendered invalid § 2138 of the Code of 1881, which reads as follows:

"The several judges of the district courts in this territory, and each of them in their respective districts, may, at chambers, in vacation, entertain, try, hear and determine, all actions, causes, motions, demurrers and other matters not requiring a trial by jury; and all rulings, orders, judgments and decrees, made or rendered by a judge of the district court at chambers, may be entered of record in vacation, and shall have like force and effect as though made or rendered at a regular term of the district court."

The obvious intention of the legislature in the passage of that section of the law was, as stated in *Murne v. Schwabacher Bros. & Co.*, 2 Wash. T. 130 (3 Pac. 899): "To have all the courts in each district open at all times for the transaction of certain specified business."

Appellant urges that the court erred in refusing to allow

evidence in support of the reply.   The reply alleges, in substance, that in May, 1889, a pretended action was commenced in the district court of Washington Territory, wherein Henry French was plaintiff and Herbert L. Dennis, a minor, was defendant; that said complaint filed therein did not state facts sufficient to constitute a cause of action, and that no legal service of summons was ever had in said action; but subsequently the court, without having jurisdiction of the subject-matter of the action, or of the person of the said defendant, pretended to appoint a guardian *ad litem* in said action for said defendant; that subsequently the judge of said court pretended to determine said cause at chambers, and rendered a pretended decree against defendant; that no notice of the time and place of said hearing was given to said guardian, and said guardian had no notice thereof and was not present, and said cause was not tried upon the merits; that said defendant had a good and valid defense to said action, which defense was unknown to said guardian, and was not set forth in said action; that at the time of said action said defendant was the owner in fee of an undivided one-half of said property; that defendant was and still is a minor, and that defendants in this action had full knowledge of all the facts hereinbefore set forth.   Conceding that plaintiff in this action could introduce evidence *de hors* the record in the said cause of French *v.* Dennis to show want of jurisdiction of the subject matter of the action and of the person of the defendant, no such evidence was offered, other than that hereinbefore considered.   Plaintiff, however, did offer to show that after service and after the appointment of a guardian *ad litem,* and after answer of the said guardian, no notice of the time or place of trial was given to the said guardian.   While this evidence, if true, might be considered as proof of irregularity or proof

of fraud practiced by the successful party and therefore admissible in a direct attack upon the judgment to set it aside under the statute, it would not be competent to oust a court of jurisdiction once acquired, and would not be evidence of a void judgment, and was therefore properly excluded.   Black, Judgments, § 245; 1 Freeman, Judgments (4th ed.), § 135; *Belles v. Miller, supra.*

No error appearing in the record, the judgment of the lower court will be affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS, WHITE and HADLEY, JJ., concur.