[No. 5101.  Decided November 11, 1904.]

J. M. NOLAN, *Appellant,* v. M. H. ARNOT, *Respondent.*[1]

APPEAL—FINAL ORDERS—VACATION OF JUDGMENT. An order vacating a judgment of foreclosure of a tax certificate, which also quashes the service of summons, sets aside the tax deed, and directs redemption from the tax upon payment of the same, with costs, is appealable as a final judgment, although there is no formal order of dismissal of the action, since it effects a disposition of the whole case.

APPEAL—BONDS—TAX LIEN FORECLOSURE—SPECIAL APPEAL ACT. The plaintiff in a tax lien foreclosure may appeal from a judgment denying his right to foreclose, by giving an appeal bond under the general law of appeals, since the special provisions of Laws 1897, p. 186, as amended by Laws 1903, p. 75, requiring the bond on an appeal from a tax judgment to be served at the time of taking the appeal, conditioned for the payment of the tax, applies only to appeals by the party resisting the tax.

JUDGMENT—VACATION—RECITALS AS TO SUMMONS AND JURISDICTION—MOTION TO VACATE. Where a judgment contains recitals showing due service of process, with other findings sufficient to show jurisdiction, the presumption of jurisdiction is not overcome by defects in the record, and hence an unsupported motion to vacate the judgment, based upon the record in the cause, is demurrable.

Appeal from an order of the superior court for King county, Bell, J., entered March 22, 1904, vacating a judgment in a tax lien foreclosure and directing redemption, upon overruling a demurrer to defendant's motion to vacate the judgment. Reversed.

[1]Reported in 78 Pac. 463.

*Roberts & Leehey,* for appellant.

*H. H. Eaton,* for respondent.

DUNBAR, J.—Delinquency tax certificates were issued against lot 1, block 59, in Riley's Addition to South Seattle, for the year 1893, and subsequent years. On July 3, 1900, J. M. Nolan, owner of such certificates, instituted suit to foreclose. On September 17, 1900, judgment was entered in said suit. On December 1, as the result of said foreclosure and sale, tax deed issued to Nolan, and said deed was, on said date, duly filed for record in the office of the county auditor of King county, Washington. All subsequent taxes have been paid by Nolan. March 8, 1904, M. H. Arnot, the respondent herein, filed a motion to vacate the former judgment. On March 22, 1904, said motion to vacate was granted over the demurrer of the plaintiff to the effect that the notice stated no sufficient facts to justify a vacation of the judgment. The court sustained the motion to vacate, on the ground that the publication of summons was insufficient. From the judgment entered therein this appeal is taken.

The respondent moves to dismiss this appeal for the reason that the vacation of a judgment is not an appealable order, and for the further reason that this judgment was rendered in a special proceeding providing for the assessment and collection of taxes under the revenue law of 1897, p. 186, as amended by the law of 1899, and as further amended by the law of 1903, p. 75, which provides that appeals shall be taken thirty days after the entry of the judgment, and further provides that, when a written notice of appeal is given, the appeal bond shall be served at the time of the service of the notice of appeal. It is admitted that this was not done in this case, the rec-

ord showing that, when the written notice of appeal was served, no bond was served on respondent or his attorney. It is true that this court has held, in *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78; *Freeman v. Ambrose,* 12 Wash 1, 40 Pac. 381, and other subsequent cases, that appeal from a judgment of vacation will not be entertained. Those cases were decided on the theory that appeals should not be tried in this court piecemeal, and that the record upon the final decision of the case on appeal would bring up the errors alleged, and that all the questions involved should be tried upon the final appeal. But the judgment in this case goes beyond the mere vacation of the judgment. After reciting the history of the case, the judgment is as follows:

"It is therefore ordered, considered, and decreed that the purported summons on said defendant J. M. Nolan by publication be and the same is hereby declared null and void and the same is quashed and vacated; that the judgment and order of sale heretofore ordered in this cause in favor of plaintiff and against said defendant, decreeing a sale of the following described property (describing it) be and the same hereby is declared to be null and void and it is hereby vacated and set aside, to which ruling, order and judgment of the court vacating and quashing the summons and service thereof and the judgment heretofore rendered herein, the plaintiff excepted and excepts. It is further ordered and decreed that the deed heretofore given by the treasurer of King county to the above named plaintiff J. M. Nolan for said property be and the same hereby is declared null and void, and said treasurer is hereby directed upon payment to him by defendant of the amount of taxes due upon said above described property and heretofore paid by plaintiff, together with interest thereon at the rate of fifteen per cent. per annum to the date of such payment by the defendant, together with all taxes which have since said sale become due and payable against said property, whether paid or unpaid, to issue a certificate of

redemption to such party making such payment, which amount so paid shall be paid by said county treasurer to the above named plaintiff or order, to which ruling and judgment of the court the plaintiff excepted and excepts. It is further ordered that said M. H. Arnot recover of and from said plaintiff any and all costs herein, and that any and all costs heretofore allowed said plaintiff in the said purported foreclosure of delinquency certificate be and they are hereby set aside and disallowed, and said defendant is authorized and allowed to deduct from the amount to be paid said county treasurer the amount of his costs incurred herein taxed at the sum of $5."

So that it would seem that the judgment in this case went beyond the mere vacation of the original judgment, and that all the questions which the appellant would have a right to try upon a retrial of the cause after the vacation of the judgment have already been tried by the court. It is true that there is no formal order of dismissal of the action. But that, it seems to us, is purely incidental to the main provisions of the judgment, and the judgment rendered is in effect a disposition of the whole case. For that reason an appeal should be allowed from said judgment.

On the other proposition, that no sufficient bond was given or served, it is true that this court held in *Rogers v. Trumbull*, 32 Wash. 211, 73 Pac. 381, a case which seems to be relied upon by the respondent, that, on an appeal by a party who is resisting the payment of taxes, in an action for the foreclosure of certificates of delinquent taxes upon real estate, under the provisions of the laws of 1897, p. 186, subsequently amended in 1903, the appellant should give the bond provided for in § 104 as amended by the laws of 1903, p. 74, and that such bond must be served upon the respondent at the time the notice of appeal was given in conformity with the statute. But the appellant

in this cause did not attempt to give the bond provided for in the statute above alluded to, nor to serve it as provided in such statute; but simply gave his bond under the general provisions of law relating to appeals. And this we think was sufficient. This question has been squarely decided by this court in *Meagher v. Hand,* 28 Wash. 332, 68 Pac. 892. There it was said:

"In our opinion, this section has no application to an appeal by a holder of a delinquency certificate from a judgment denying his right to forclose the same. Such a holder is under no obligation to pay to the county or to any person any 'taxes, assessments, interest or penalties,' upon the real estate involved in the appeal, nor can any such be adjudged against him or the real estate involved, whether his appeal is successful or unsuccessful. Such taxes, assessments, interest, and penalties, are owing to him, if owing at all; not by him. Manifestly, the legislature did not intend to require so absurd a thing as the giving of a bond conditioned to pay taxes by the one to whom they are owing as a condition precedent to his right to appeal from a judgment denying his right to collect them. The costs of the appeal is all that the respondent can recover if the appeal is unsuccessful, and this is amply covered by the ordinary appeal bond, which the appellant did give."

This brings us to the merits of the case, and the question presented is whether the court was justified in vacating the judgment. The judgment which was vacated recites in specific terms that the notice and summons in said suit was regularly and duly served on the defendant, as the law in such cases required, with the other findings sufficient to show jurisdiction in the court to render the judgment which was rendered. It has been the uniform holding of this court that the recitation in a judgment of jurisdictional facts, sufficient to give the court jurisdiction to pronounce the judgment, is proof of such jurisdiction. In *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067,

it was held that, "where the judgment of a superior court recites, 'the notice and summons . . . was regularly and duly served on the . . . defendants as the law in such cases requires,' a presumption of jurisdiction of the person is raised, which is not overcome by the fact that the record otherwise shows no service of process, or by proof that defendant was a domestic corporation, whose officers were residents of the county, so that personal service would be requisite;" citing *Belles v. Miller,* 10 Wash. 259, 38 Pac. 1050; *State ex rel. State Ins. Co. v. Superior Court,* 14 Wash. 203, 44 Pac. 131; *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Kalb v. German Sav. etc. Soc.,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; and *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73. It was said in that case that eminent authority had decided this question the other way, but that, in view of what this court deemed the weight of authority and the better reasoning, such had been its uniform holdings, and with such holdings this court was satisfied to abide. The same doctrine was announced in *Taylor v. Huntington,* 34 Wash 455, 75 Pac. 1104.

The court, appearing by the recitals of the judgment to have had jurisdiction of the cause at the time of the trial sufficient to render the judgment which was rendered, we think erred in vacating the judgment. For this error the cause will be reversed, and the lower court instructed to proceed in accordance with the views expressed in this opinion.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.