[No. 6704.   Decided June 17, 1907.]

JOHN E. PETERSON, *Respondent*, v. M. LARA, *Appellant*.[1]

JUDGMENT—VACATION—RECITALS—PRESUMPTIONS. Where a judgment recites due service of process, and the record shows jurisdiction, an application to vacate the judgment, on the grounds that the service was by publication and the court without jurisdiction, is demurrable, as the presumption of jurisdiction is not overcome by defects in the record.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 28, 1906, upon sustaining plaintiff's demurrer, dismissing an application to vacate a tax judgment. Affirmed.

*S. S. Langland,* for appellant.
*Chas. P. Harris,* for respondent.

[1]Reported in 90 Pac. 596.

RUDKIN, J.—On the 16th day of October, 1903, judgment was entered in the court below in a tax foreclosure proceeding entitled: "John E. Peterson vs. Investors' Trust Company, a corporation, American Loan and Trust Company, a corporation, and all persons unknown, if any, having or claiming an interest or estate in or to the hereinafter described real property." The judgment contains the following finding or recital as to the service of process: "That notice and summons has been duly served on the defendants in this action, as required by the statutes of this state, and that each and every requirement of the statutes has been complied with, entitling the plaintiff to a judgment and decree herein." On August 28, 1906, one Marcellus Lara appeared specially in the action and moved the court to vacate and set aside the tax judgment. The only ground stated in the motion or accompanying affidavit was that service was made by publication, and that it appeared from all the records, files and proceedings in the cause that the court was without jurisdiction to render or enter the judgment. The plaintiff in the action appeared and demurred to the application for the reason, among others, that the motion and accompanying affidavit did not state facts sufficient to entitle the moving party to any relief. The demurrer was sustained, and from the judgment of dismissal, the present appeal is prosecuted.

The demurrer was properly sustained. The fact that service is made by publication is no ground for setting aside a tax judgment, as such service is authorized in a proper case, and there is no showing that it was not authorized here. Nor does it appear from the records, files and proceedings that the court was without jurisdiction. If it be conceded that the affidavit for service by publication was defective, and this is the only objection urged against the jurisdiction, yet the judgment recites that due service of process was made, and in such cases the presumption of jurisdiction is not overcome by any defects in the record. This question has been decided so often that it is no longer an open one in this court. *Nolan v.*

29—46 WASH.

*Arnot,* 36 Wash. 101, 78 Pac. 463, and cases there cited. Inasmuch as the application is insufficient on its face, we will not consider the other questions discussed in the briefs of counsel.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, ROOT, and DUNBAR, JJ., concur.