[No. 6717. Decided June 22, 1907.]

BERNHART BRANT BARTELS, *a Minor, by His Guardian Ad Litem, F. W. Burdick, Respondent,* v. LOUIS P. CHRISTENSEN *et al., Appellants.*[1]

JUDGMENT — PROCESS — TAXATION — FORECLOSURE OF TAX LIEN — FORM OF SUMMONS. Under Laws 1897, p. 182, § 96, subd. 3, a summons by publication requiring the defendant to appear within sixty days after the "service" of the summons is not in accordance with the statute, and is insufficient to confer jurisdiction to enter a judgment of default; and Laws 1899, ch. 141, does not change the law in regard to the requirements of the summons.

[1]Reported in 90 Pac. 658.

Appeal from a judgment of the superior court for King county, Steiner, J., entered March 14, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to vacate a judgment foreclosing a tax lien. Affirmed.

*E. P. Edsen* and *John E. Humphries,* for appellants.

*Wilson & Thorgrimson,* for respondent.

PER CURIAM.—This is an action by the respondent to vacate and set aside a judgment obtained on a tax foreclosure proceeding. The judgment was vacated and the appeal followed. It is stipulated by the parties to this action that there is but one question in the case, and that is as to the sufficiency of the form of the notice or summons published, which notice or summons is set forth in appellants' brief. The essential part of the notice to consider is as follows:

"You and each of you are hereby directed and summoned to appear within sixty days after the service of this notice and summons upon you, exclusive of the day of service, in the above entitled court, and defend the action or pay the amount due, together with costs."

It is also stipulated that, if the summons in the original case is in substance and in form as required by statute, the court shall reverse the case and enter judgment for the appellants. If, however, the summons is not in form and substance as required by statute in force at the time, the court shall affirm the judgment.

The identical question presented in this case has twice before been decided by this court against appellants' contention, in the cases of *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043, and *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640, where it was held that a summons which directed the defendant to appear within sixty days after the service of the summons upon him, exclusive of the day of service, and defend the action, etc., would not confer jurisdiction upon the court to render judgment. The reasons are stated at length in the

cases above referred to, and it is not necessary to restate them here.

It is contended, however, by the appellants that the amendatory act, found in the session Laws of 1899, chapter 141, could not have been called to the attention of the court in the foregoing cases, and that such amendment changes the law in regard to the requirements of the summons. It may be true that such amendment was not called to the attention of the court in the cases referred to, for the reasons that it appears that it in no way affects the question decided in those cases and did not attempt to change § 97 of the Laws of 1897, page 182, ch. 71, which section provides that summons shall be served in the same manner as summons in a civil action is served in the superior court. And in the cases above referred to decided by this court, reference was made to this section and to the provision of the general law in relation to the manner of publication and forms of summons, viz., Bal. Code, § 4878 (P. C. § 336), which provides that the summons shall contain the date of the first publication, and shall require the defendant or defendants, upon whom service of publication is desired, to appear and answer the complaint within sixty days from the date of the first publication of such summons.

The judgment is affirmed.