[No. 7983.    Department One.    August 11, 1909.]

HENRY WICK *et al.*, *Appellants*, v. JOHN A. REA *et al.*,
*Respondents.*[1]

JUDGMENTS — CONCLUSIVENESS — RECITALS — PARTIES BOUND —
STRANGERS. The rule that recitals in a judgment are not subject to
collateral attack where the court had jurisdiction, and there is noth-
ing in the record to contradict the recitals, has no application as to
strangers to the record not parties or privies; hence, where a tax
title holder conveyed and warranted the title, his grantee, in an
action on the covenant, may show failure of title by reason of de-
fects in the summons.

TAXATION — FORECLOSURE — PROCESS — SUMMONS — DEFECTS. The
failure of a summons in a tax foreclosure to properly describe the
property, as required by Bal. Code, § 1751, vitiates the tax judgment
and sale, as the statute must be strictly pursued to obtain jurisdic-
tion.

COVENANTS—SEIZIN—BREACH. A covenant of ownership in fee
simple is one of seizin *in praesenti*, and is broken, if at all, when
made.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered December 24, 1908, in favor of
the defendants, upon the pleadings, dismissing an action to
recover on covenants. Reversed.

*J. B. Bridges* (*Theo. B. Bruener*, of counsel), for appel-
lants.

*Farrell, Kane & Stratton*, for respondents.

CHADWICK, J.—Plaintiffs allege that, on September 24,
1906, they purchased of defendants the southeast quarter of
section 24, in township 16, north, of range 4, east of Wil-
lamette Meridian, for which they paid the sum of $5,200.
The deed was in form a warranty deed with full covenants.
This property had been previously acquired by defendants
as purchasers at a tax sale occurring in Thurston county,
Washington. This action was brought to recover the value

[1]Reported in 103 Pac. 462.

of a forty-acre tract, a legal subdivision of the southeast
quarter as described in the deed, upon the theory that plain-
tiffs were not the owners thereof and did not have any interest
therein subject to conveyance.  Judgment is demanded for
one-fourth of the full amount paid, or $1,300.  Plaintiffs'
right of action is made to depend upon the insufficiency of
the summons, which is alleged to be wholly void in that it
failed to properly describe the legal subdivisions of the land.
The published summons described the land as follows:

> "The northeast quarter of the southeast quarter;
> "Northeast quarter of the southeast quarter;
> "Southeast quarter of the southeast quarter;
> "Southwest quarter of the southeast quarter;
> "All in 24-16-4."

It will be seen that the northeast quarter is described twice,
while the northwest quarter is not described at all.  It is
alleged that this summons is the only summons ever pub-
lished in the action.  This allegation is denied.  The judg-
ment in the foreclosure suit recites the following:

> "That the plaintiff herein, Thurston County, Washing-
> ton, is the lawful holder of said certificates of delinquency;
> that summons and application for a judgment have been
> served in this proceeding as required by the statutes of the
> state of Washington, and such statutes complied with in all
> other respects pertaining thereto;"

the whole case going to the sufficiency of the summons and
the effect of the recitals in the judgment.  The trial court
entertained a motion for judgment on the pleadings inter-
posed by defendants, and rendered judgment against plain-
tiffs, dismissing their complaint.

The trial court held that, this being a collateral attack
upon a judgment in a tax foreclosure proceeding, appellants
were concluded by the recitals in the judgment.  The rule is,
and it has been frequently declared by this court, that where
the court has jurisdiction of the subject-matter of an action
and the judgment recites due service, when there is nothing

in the record to contradict the recitals of the judgment, it cannot be collaterally attacked. Under this rule the evidence upon which the court based its finding need not appear affirmatively in the record. It is enough if the contrary does not appear. *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20; *Christofferson v. Pfennig*, 16 Wash. 491, 48 Pac. 264; *Kalb v. German Sav. & Loan Soc.*, 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; *Neordlinger v. Huff*, 31 Wash. 360, 72 Pac. 73; *State ex rel. Boyle v. Superior Court*, 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Dolan v. Jones*, 37 Wash. 176, 79 Pac. 640; *Nolan v. Arnot*, 36 Wash. 101, 78 Pac. 463; *Bock v. Sanders*, 46 Wash. 462, 90 Pac. 597; *Peterson v. Lara*, 46 Wash. 448, 90 Pac. 596; *Stevens v. Doohen*, 50 Wash. 145, 96 Pac. 1032; *Munch v. McLaren*, 9 Wash. 676, 38 Pac. 205; *Belles v. Miller*, 10 Wash. 259, 38 Pac. 1050; *State ex rel. State Ins. Co. v. Superior Court*, 14 Wash. 203, 44 Pac. 731; *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064; *Galpin v. Page*, 18 Wall. 350, 21 L. Ed. 959.

The converse of this rule follows, and is sustained by the same authorities. So that, although the judgment recites jurisdiction, if a want of jurisdiction affirmatively appears' upon the face of the whole record, the judgment will be held to be void upon collateral as well as direct attack. The trial judge accepted the first proposition as the law of the case; and appellants prosecute this appeal upon the theory that we should now hold that a judgment in the form of that before us should not be held invulnerable against collateral attack, for the two reasons, (1) that there are suggestions in several of the former opinions of this court to the effect that evidence *dehors* the record can be received in all cases to overcome the recitals of the judgment, and (2) the record itself contains evidence of irregular summons which contradicts the recitals of the judgment, thus bringing the case within the second rule quoted.

If the case rested here, we would, without hesitation, affirm

the judgment of the trial court, for we would be unwilling to hold that the irregular summons appearing in the transcript contradicted the recitals of the judgment. It may exist and the finding of the court be true, for jurisdiction may be acquired by a proper service or voluntary appearance after the publication of a defective summons. But we think this case rests upon a principle entirely different from those upon which the case has thus far proceeded. The rule that judgments of a court of record cannot be called in question in a collateral proceeding is one of necessity. The basic reason for the rule is founded on the consideration that the regular and orderly way of trying the validity of judgments is by an appeal or other appropriate proceeding in the case itself, or under the statute permitting a vacation of judgments for certain enumerated reasons. The reason of the rule shows its limitations. It is confined to parties or privies, and does not apply to strangers. *Griswold v. Stewart*, 4 Cowen 457. Appellants in this case are strangers to the record in the foreclosure proceeding. They were not parties or in privity with a party; and if they have been prejudiced or are injuriously affected by the judgment, the rule is that they can attack it on the ground of want of jurisdiction or, in cases where the facts warrant it, for fraud or collusion. This may be done by plea and proof. 1 Bailey, Jurisdiction, § 233; 2 Freeman, Judgments, 334; 23 Cyc. 1068; *Downs v. Fuller*, 2 Met. 135; *Vose v. Morton*, 4 Cush. 27.

A better statement of the general rule is found in *Sidensparker v. Sidensparker*, 52 Me. 481. On page 489 it is said:

"While it is generally true that an erroneous judgment can only be avoided by writ of error, the books abound in cases where manifest injustice would be done to parties who have no right to reverse a judgment by writ of error, unless they had the right to impeach it collaterally. Hence this rule of law has been so far relaxed in such cases as to allow parties to impeach a judgment by plea and proof, where the court had no jurisdiction, or it had been obtained by fraud or collusion, or erroneously and unlawfully entered up."

We have not overlooked the argument that the omission of the northwest quarter of the southeast quarter of section 4 in the summons is a simple irregularity, and for that reason the judgment is not subject to either direct or collateral attack. While the argument is forceful and is supported by respectable authority, this court is committed to the doctrine that a summons in tax foreclosure proceedings must comply with the statutes. Otherwise the court acts without jurisdiction. The rule, as stated in 17 Ency. Plead. & Prac., 45,

"The right to serve process by publication being of purely statutory creation and in derogation of the common law, the statutes authorizing such service must be strictly pursued in order to confer jurisdiction upon the court,"

was adopted in *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043, and has been followed in the following cases: *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Young v. Droz,* 38 Wash. 648, 80 Pac. 810; *Owen v. Owen,* 41 Wash. 642, 84 Pac. 606; *Bartels v. Christenson,* 46 Wash. 478, 90 Pac. 658; *Bauer v. Widholm,* 49 Wash. 310, 95 Pac. 277; *Gould v. Knox,* 53 Wash. 248, 101 Pac. 886; *Hays v. Peavey, ante* p. 78, 102 Pac. 889; *Gould v. Stanton, ante* p. 363, 103 Pac. 459; *Gould v. White, ante* p. 394, 103 Pac. 460. The statute, Bal. Code, § 1751 (P. C. § 8692), provides that the notice or summons shall name the lands or premises against which judgments will be rendered. The case falls, therefore, within the rule of the cases just cited.

It is also contended that appellants have no right in any event to maintain their action, because none of the covenants of the deed have been broken. In other words, they have not been put to the defense of their title or ousted because of its infirmity. It was held in the following cases that a covenant of ownership in fee simple is a covenant of seizin, and one *in praesenti,* which is broken, if at all, when made. *Tingley v. Fairhaven Land Co.,* 9 Wash. 34, 36 Pac. 1098;

*Decker v. Schulze,* 11 Wash. 47, 39 Pac. 261, 48 Am. St. 858, 27 L. R. A. 335. We have reached our conclusion in this case upon grounds somewhat different from those urged and met by counsel in their arguments, and upon grounds that were in all probability not presented to or considered by the trial court. But we conceive our present holding to be the law of the case, and therefore declare it to be so.

The judgment of the lower court is reversed, and the cause remanded with instructions to take evidence upon the issues made by the pleadings.

RUDKIN, C. J., GOSE, FULLERTON, and MORRIS, JJ., concur.