[No. 19834. Department Two. December 28, 1926.]

LEWIS A. DARE, *Respondent*, v. JAMES W. HALL,
*Appellant*.[1]

[1] JUDGMENT (159)—COLLATERAL ATTACK—IRREGULARITIES IN PRO-
CEEDINGS. After the confirmation of a mortgage foreclosure
sale of personalty, "as household furniture," the judgment of
confirmation and sale cannot be collaterally attacked on the
ground that the personal property sold was not "household
furniture," where the court had jurisdiction of the subject
matter and the parties.

[2] REPLEVIN (6, 35)—TITLE OF PLAINTIFF—EVIDENCE—SUFFICIENCY.
In replevin, the plaintiff's title is sufficiently shown by proof
that he bought the goods from one H, together with a copy
of the sheriff's bill of sale to H.

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered September 8, 1925,
upon findings in favor of the plaintiff, in an action of
replevin, tried to the court. Remanded for further
proceedings.

*Hartge & Cadwallader*, for appellant.

*H. E. Gorman*, for respondent.

ASKREN, J.—Appellant in 1921 mortgaged certain
real estate in Kitsap county, "together with all house-
hold furniture contained in the dwelling thereon," to
one Ida M. Huber. The mortgage not being paid
when due, foreclosure was had, and pursuant to a
judgment entered thereon, the sheriff levied upon the
real estate as well as a miscellaneous lot of personal
property then in the dwelling referred to in the mort-
gage. Upon sale, the mortgagee bid in the real and
personal property, and sheriff's deed and bill of sale
were executed to her. Thereafter, she sold the prop-
erty covered by the deed and bill of sale to respondent

[1]Reported in 250 Pac. 106.

Dare. About a month thereafter, the appellant, Hall, removed from the premises and took with him a part of the personal property sold at sheriff's sale to Huber and conveyed by her to Dare.

[1] Dare brought an action in replevin to recover possession of the property so taken. Upon trial of the action, appellant sought to show that part of the personal property sold under foreclosure by the sheriff was not strictly household furniture, and that, therefore, he had a right to take those articles. The court refused to go into the question as to what articles were strictly household furniture, because the appellant had not moved to set aside the original judgment of foreclosure, or the sheriff's sale, and to attempt to do so in the replevin proceeding, brought by a third party who purchased on the authority thereof, was but a collateral attack on the judgment rendered therein.

Appellant urges this as error. But we perceive no error in this ruling. The judgment of foreclosure and sale of the personal property described therein was valid, until set aside by the court. It may be that some of the articles sold by the sheriff were not strictly within the ordinary definition of household furniture, and that, upon application, the court might have refused to confirm the sale, or thereafter have set it aside in a proper proceeding. But any error of the court, either in allowing foreclosure of all the articles of personal property or confirming the sale of all of them by the sheriff, is not one that can be attacked collaterally. *Wick v. Rea*, 54 Wash. 424, 103 Pac. 462; *State v. Hewitt Land Co.*, 74 Wash. 573, 134 Pac. 474.

Appellant relies upon our decision in *Roche v. McDonald*, 136 Wash. 322, 239 Pac. 1015, where we held that a judgment of default, resting upon allegations of a complaint which conclusively negatived the

existence of a cause of action was void and could be attacked collaterally. But outside of the fact that the judgment in this case was by default, there is no parallel between the two.

Neither the complaint nor judgment in the foreclosure are in the record, but counsel for appellant does not claim that the judgment contains anything that would make it void, unless it becomes so by reason of the fact that the mortgage referred to "household furniture" and the judgment and sale was of specific articles which might or might not be household furniture, according to the interpretation of the trial court. Such a judgment would be no more than a voidable one at best.

The test is, Did the court have jurisdiction of the parties and the subject matter? If it did, and there is no claim here that it did not, the fact that it may have irregularly or improperly decided the matter does not affect its jurisdiction. The test of jurisdiction is not right decision, but the right to enter upon the inquiry and to make some decision. *King v. McAndrews*, 111 Fed. 860.

The evidence further showed that, when the property was offered for sale, appellant was present and made no objection whatever to the sale of all these articles, which he now claims were never intended to be covered by the mortgage.

[2] Objection is made by appellant that respondent did not prove that he was the owner of the personal property sought to be replevied. Respondent testified that he bought the articles from Mrs. Huber, who in turn testified that she sold them to him. A copy of the sheriff's bill of sale showing the sale to her was offered in evidence. This was sufficient.

At the time of trial, respondent admitted in open court that all of the articles sought to be replevied had

either been returned, or were taken by the sheriff under the writ of replevin. However, probably through inadvertence, the judgment entered herein called for the return of all articles specified in the complaint, and which covered property not taken by the sheriff. The judgment should be corrected by eliminating those articles not specified in the return, as follows: fifty-seven pictures, sixteen vases, one cedar chest, two couches, three stands and ornaments, one gas range.

The court not having itemized the values found on these articles, the judgment is reversed, with instructions to strike them therefrom and, after ascertaining their value, reduce the amount thereof accordingly.

TOLMAN, C. J., MACKINTOSH, BRIDGES, and PARKER, JJ., concur.