[No. 4021.   Decided November 25, 1901.]

## T. F. McMILLAN, *Respondent*, v. CITY OF TACOMA, *Appellant.*

TAXATION — FORECLOSURE OF DELINQUENCY CERTIFICATE — PAYMENT OF PRIOR TAXES — LOCAL ASSESSMENTS.

Laws 1899, p. 302, § 20, which requires the holder of a general tax delinquency certificate to "pay all taxes that have accrued on the property" before he shall be entitled to judgment foreclosing his lien, does not require the payment of street assessments but refers merely to the general taxes, and special taxes assessed in the same manner as general taxes, in the absence of express provisions in the general revenue law clearly showing an intention to include local assessments within its operation, inasmuch as the basis of the forms of assessment is entirely distinct, and the legislature itself has interpreted the revenue law by recognizing general tax liens as paramount to local assessments, by the provision in Laws 1899, p. 80, § 11, that a deed upon foreclosure and sale for street assessment liens in cities of the first class shall

convey the entire title, "stripped of all prior liens or claims, excepting unpaid installments and general taxes."

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge. Affirmed.

*William P. Reynolds* and *Emmett N. Parker,* for appellant.

*Fremont Campbell,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent is the owner of a general tax certificate of delinquency issued by the county of Pierce for delinquent taxes upon certain real estate in said county for the year 1895. In addition to the amount paid for the certificate, he also paid the delinquent taxes upon said property for subsequent years, and thereafter commenced this suit to foreclose his lien under said certificate, and made the owner of the property and the appellant, the city of Tacoma, parties defendant in the suit. The city of Tacoma answered the complaint, and alleged facts showing the existence of a street assessment lien in its favor upon the same property, and asked that the respondent be denied judgment for his tax lien unless he should first pay or tender to said city the full amount of said street assessment lien. To said answer the respondent demurred, and the demurrer was by the court sustained. Appellant duly excepted to said ruling of the court, elected to stand upon its said answer, and refused to further plead. Thereafter judgment was entered establishing respondent's tax lien as superior to all other liens, and particularly declaring the lien of the appellant for street assessments as junior and inferior to the general tax lien. From said judgment the city of Tacoma has appealed.

Appellant's contention is that, before respondent is entitled to judgment foreclosing his lien, he is required to "pay all taxes that have accrued on the property," as provided by § 20, p. 302, of the amendatory revenue law of 1899, and that the word "taxes," as there used, means local assessments as well as general taxes. In support of the above position our attention is directed to certain portions of the revenue law, and from certain words used it is argued that the legislature meant to include local assessments in the provision above mentioned. Our attention is first directed to § 58, p. 162, Laws 1897, and particularly to the proviso at the close of said section, which reads as follows:

"Provided, that no taxes, except special taxes, shall be extended upon the tax rolls until the property valuations are equalized by the state board of equalization for the purpose of raising the state revenue."

It is urged that the words "special taxes" here used must refer to local assessments. We agree, however, with respondent's contention that the words used refer to special taxes levied after the manner of general taxes. Our laws permit special taxes to be levied for school and road purposes. They are levied as so many specified mills upon the dollar upon all the taxable property, real and personal, within a given district. They are certified to the county auditor by the local authorities, extended upon the county tax rolls, and collected by the county treasurer in the same manner as general taxes. Whatever may be said as to the practical operation of the exception in the proviso invoked by appellant when applied to special taxes of the classes we have indicated, we believe that it was so intended, and was not intended to refer to local street assessments, which involve a subject not then being considered by the legislature.

It is suggested that the revenue law will not be construed as ignoring local assessments unless it clearly appears that such was the intention of the legislature, and in support of the position that it was not the intention to exclude such assessments from the consideration here involved we are further referred to § 79, p. 174, Laws 1897. The following portion of the section is particularly cited, to-wit:

"The person or authority who shall collect or receive the same shall give a certificate that such taxes have been so paid."

From the use of the words "person or authority" appellant draws the inference that the owner of the property who seeks to redeem is required to pay outstanding and unpaid taxes and assessments to some one other than the county treasurer, and that in this instance it refers to the city treasurer as the one authorized to receive payment of street assessments. We think the section cannot be so construed. The language refers only to taxes, no mention being made of special assessments; and such an inference is too remote to be entertained. Frequent reference is made by counsel to the use of the word "assessments" in the revenue law, and it is urged that the term refers to local assessments. We think such was not the intention. The subject under consideration is that of general taxation. The title of the act of 1897 is, "An act to provide for the assessment and collection of taxes in the state of Washington" (Laws 1897, p. 136). The act of 1899 is simply amendatory of the act of 1897. Every detail of the revenue statutes relates to the assessment, levy, and collection of general taxes upon all property, real and personal, which is not specially declared as exempt. The theory upon which general taxation proceeds is entirely distinct from that of local assessments. General taxation

is. sought to be enforced against all classes of property upon an *ad valorem* basis, while local assessments are limited to real property within a given district, and are based entirely upon the theory of special benefit by which the value of property is enhanced in excess of the general good. General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience, and for the additional benefit of private property holders. These differences have made it necessary to recognize taxation and local assessments as distinct subjects, and, unless a general revenue law contains provisions which clearly are intended to relate to local assessments, it must be held that they are not included within the operation of the law. We find nothing in our revenue law which convinces us that it was the intention of the legislature to extend its provisions to local assessments. Appellant's contention that, before a foreclosure can be had upon a delinquent tax certificate, payment must be made not only of other delinquent general taxes, but also of street assessment liens, is in conflict with the spirit of our revenue law as it has existed for years. Section 93, p. 316, Laws 1891, contains the following:

"The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility, to or with which said real estate may become charged or liable."

Stronger language could not be employed to declare the general tax lien paramount over every. other possible lien or burden to which property may be subjected. The identical language above employed has been carried forward into subsequent statutes, and is found in the following Session Laws: Laws 1893, p 358, § 79; Laws 1895, p. 516, § 19; Laws 1897, p. 174, § 78. There has been no

repeal or modification of the statute as it was left in 1897, and the same is now the law. Under that declaration of the legislature it must be held that the holder of a delinquent general tax certificate is not required to pay local street assessment liens before he can proceed to foreclose and sell under his general tax lien. He is entitled to a decree establishing his tax lien as paramount and superior to all other liens or charges against the property.

As a further assurance of the intent and policy of the legislature upon this subject we refer to chapter 51 of the Session Laws of 1897. The subject of the act relates to a method for foreclosure and sale for street assessment liens in cities of the first class. The method outlined is not made mandatory, but cities of the first class may follow it at their option, or may pursue any existing charter method. Under the plan outlined in this statute, the lands are sold through the county treasurer, and redemption from such sales may be made as provided by law for redemption from sales on execution, except that the treasurer performs the duties ordinarily performed by the sheriff in redemption from execution sales. Section 11 of the act (Laws 1897, p. 80) is as follows:

"When the time for redemption shall have expired, the treasurer shall execute a deed to the person entitled under the law, which deed shall be conclusive of all things pertaining to any and all of the prior proceedings, and convey the entire title to the property therein described, stripped of all prior liens or claims, excepting unpaid installments and general taxes."

Thus the legislature expressly provided that the sale for street assessments should convey the entire title stripped of all prior liens or claims "except unpaid installments and general taxes," thereby unmistakably making the general tax lien superior to the street assessment lien. This policy of the legislature is not only wise, but, in the

nature of things, is necessary, in order that the existence and continuation of government may not be imperiled. The state and its subordinate municipalities cannot exist without the collection of public revenue, and serious confusion would result if the lien of taxes levied for that purpose should be made inferior to, or equal with, local assessments or other liens.

We think the judgment of the lower court was right, and it is therefore affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS, MOUNT, and WHITE, JJ., concur.