[No. 4500. Decided March 5, 1903.]

WALTER A. KEENE, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

TAXATION — DELINQUENCY CERTIFICATE — PRIORITY OF LIEN OVER STREET ASSESSMENT.

The holder of a general tax delinquency certificate is entitled to enforce same by foreclosure, without being compelled to pay or tender the delinquent street assessments which may be an existing lien upon the lands included in his certificate.

SAME.

Laws 1893, p. 169, § 8, allowing cities of the first class to collect street assessments according to the method of collection of general taxes, and authorizing the same procedure as if such assessments were part of the general tax assessed against such property, does not place the lien for such assessments on an equality with the general tax lien, in the absence of an express provision to that effect and in view of the evident policy of the law in favor of the priority of general tax liens.

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Affirmed.

*John W. Pratt* and *C. A. Riddle* (*Mitchell Gilliam,* of counsel, for appellant.

*William Martin, W. A. Keene* and *McClure & McClure,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On March 29, 1902, respondent tendered to the county treasurer of King county the amount then due and delinquent for state and county taxes for the year 1896 and subsequent years, upon certain real estate in said county, and demanded the issuance to him of certificates of delinquency. The certificates were issued. Respondent then brought this action to foreclose, based upon said certificates. The city of Seattle was made a party defendant by reason of asserting claims against the property in the way of liens for street assessments. The city answered, setting up the facts upon which the assessment liens are based, and prayed judgment that respondent be required to pay each of the assessments, together with accumulated penalties and interest thereon, as a condition precedent to a decree in his favor, and that for his failure so to do the action be dismissed. Respondent demurred to the answer, which demurrer was sustained. Judgment was thereupon rendered in favor of respondent. The city has appealed.

The principal questions presented by this appeal were decided in favor of respondent's contention in *McMillan v. Tacoma,* 26 Wash. 358 (67 Pac. 68). It was there decided that the holder of a general tax delinquency certificate is not required to pay delinquent street assessments which may be a lien upon real estate before he is entitled to receive a certificate of delinquency for general taxes paid by him upon the same lands. It is unnecessary to repeat here the argument used in that case. The statutes were there discussed, showing that it has been the evident policy of the legislature of this state to make the lien for general taxes paramount over every other claim or burden that can attach to lands, and that in the nature

of things such a course is not only wise, but necessary. We said in that opinion:

"This policy of the legislature is not only wise, but, in the nature of things, is necessary, in order that the existence and continuation of government may not be imperiled. The state and its subordinate municipalities cannot exist without the collection of public revenue, and serious confusion would result if the lien of taxes levied for that purpose should be made inferior to, or equal with, local assessments or other liens."

In view of our interpretation of the revenue laws in the above-mentioned case, we shall decline to hold that street assessments are of equal rank with general taxes as liens upon real property, unless we are shown a statutory declaration that is so direct that no doubt can arise that such is the legislative intent.

It is urged, however, by appellant, that the case at bar should be distinguished from *McMillan v. Tacoma, supra,* for the reason that the city of Seattle was acting under the provisions of a permissive statute which the city of Tacoma had not adopted as a part of its procedure. The statute referred to is found in chapter 71, page 167, of the Session Laws of 1893. Section 8 of said act is as follows:

"The assessment roll of the county made as herein provided shall be deemed and held to be also the assessment roll of any city of the first class therein, and in cases where the charter of any such city requires delinquent assessments for local improvements, or any special taxes or assessments whatever to be entered on the annual tax roll of such city, the city treasurer shall from time to time certify the same, together with the accumulated penalties and interest thereon, to the county treasurer, who shall enter the same on the general county assessment roll against the property so taxed or assessed in a separate column head, 'Delinquent local assessments, city of ......,' in the manner directed by such charter, and the same shall be

a part of the tax due on such property and with interest shall be collected as other taxes, separate account being kept thereof, and if not paid within the time fixed for the payment of other taxes, shall be collected as other taxes are collected, together with the additional charges, penalties and interests authorized to be charged and collected, on other delinquent taxes; and all other proceedings shall be taken thereon as if the same were originally a part of the general tax assessed against such property."

It is argued by appellant that the provisions of the above section, permitting cities of the first class to adopt the method of general tax collecting as that of collecting special assessments, have the effect to place special assessments for local improvements upon an equality with general taxes. Emphasis is placed by appellant upon the words, "and the same shall be a part of the tax due on such property and with interest shall be collected as other taxes, . . . and all other proceedings shall be taken thereon as if the same were originally a part of the general tax assessed against such property." We think a fair interpretation of the language last quoted, and of the whole section, is that it relates to the method of collection which the city may adopt if it shall choose to do so. It is not stated that the lien for local assessments shall be of equal rank with the general tax lien, and, when construed with other statutory provisions relating to priority of the general tax lien, as reviewed in *McMillan v. Tacoma, supra,* we think it cannot be held that such was intended, and especially so in the absence of a specific statement to that effect. The intention of the legislature seems to have been to provide that cities of the first class may, if they choose, collect local improvement taxes in the same manner as if they were originally a part of the general tax, and may add thereto the same charges, penalties, and interest which are added to general taxes. The county treasurer shall

keep a separate account of the local improvement taxes so collected, thus segregating them from general taxes, evidently for the convenience of the city, that it may thereby be advised of the amount of money belonging to a special fund. The whole plan seems to have been intended as merely a convenient method of collection, whereby the city may act through the county treasurer, and through the system provided by law for his use, and thus avoid the operation of any collection machinery of its own. The method may be a desirable one for cities of the first class to adopt, and no reason is made to appear why it may not be pursued if the paramount lien of the general tax is preserved. We see no reason why certificates of delinquency may not issue under that statute for local improvement taxes and be foreclosed in the same manner as in the case of general taxes, provided they are at all stages of the proceedings treated as junior in rank to the general taxes. The latest legislative declaration upon the subject of the relative rank of the general tax lien and that for a local assessment is found in § 1, ch. 118, p. 240, Session Laws of 1901. The subject of that act relates to the levy and collection of special assessments for local improvements in cities of the first class. With reference to the lien of special assessments the section cited concludes as follows:

"Said lien shall be paramount and superior to any other lien or incumbrance whatsoever theretofore or thereafter created, except a lien for assessments for general taxes."

This seems not to have been mentioned in *McMillan v. Tacoma*, possibly due to the fact that the briefs may have been prepared before the statute was in force. This same act of 1901, in § 5 thereof, also provides that the county treasurer shall collect delinquent assessments if the city shall so provide by charter or ordinance. We are convinced

that we have not mistaken the legislative intention upon this subject.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.