[No. 4752.   Decided January 16, 1904.]

CITY OF BALLARD, *Respondent,* v. GEORGE WAY *et al.,
Appellants.*[1]

JUDGMENT—PROCESS—RECITAL OF DUE SERVICE—PRESUMPTION
IN FAVOR OF. A judgment of the superior court reciting gener-
ally due service of process, raises the presumption of a valid
service, although the only proof in the record shows a defective
publication as to the nonresidents; and a resident defendant
to avoid the judgment must show affirmatively that no personal
service was made.

TAXATION—TAX DEED—GENERAL TAXES PARAMOUNT TO LOCAL
ASSESSMENTS. A purchaser at a sale for general taxes acquires
a valid title as against liens for streets assessments, since the
tax lien is paramount and superior to all other liens.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 10, 1903, upon the
findings and decision of the court in favor of the plaintiff
after a trial on the merits, foreclosing the city's lien for
improvement assessments. Reversed.

*M. E. Sheldon* and *John B. Van Dyke,* for appellants.

*H. E. Peck,* for respondent, to the point that presump-
tions will not be indulged in aid of recitals where the
record states the evidence showing want of jurisdiction,
but the recital yields to the record, cited: *Galpin v.
Page,* 18 Wall. 350; *Godfrey v. Valentine,* 39 Minn. 336,
40 N. W. 163, 12 Am. St. 657; *Barber v. Morris,* 37 Minn.
194, 33 N. W. 559, 5 Am. St. 836; *Clark v. Thompson,*
47 Ill. 25, 95 Am. Dec. 457; *Hahn v. Kelly,* 34 Cal. 391,
94 Am. Dec. 742; *Adams v. Cowles,* 95 Mo. 501, 8 S.
W. 711, 6 Am. St. 74; *Fowler v. Simpson,* 79 Tex. 611,
15 S. W. 682, 23 Am. St. 370; 17 Am. & Eng. Enc. Law,
1077, 1081; 12 Enc. Plead. & Prac. 174, 175; Freeman,
Judgments (4th ed.) §§ 125, 130; *Senichka v. Lowe,*

[1]Reported in 74 Pac. 1067.

74 Ill. 275; *Fortman v. Ruggles,* 58 Ill. 207; *Clark v. Thompson,* 47 Ill. 25, 95 Am. Dec. 457; *Hyde v. Redding,* 74 Cal. 495, 16 Pac. 380; *Latta v. Tutton,* 122 Cal. 279, 54 Pac. 844, 68 Am. St. 30.

MOUNT, J.—This action was commenced by the city of Ballard in King county, to foreclose two liens against lot 12, block 15, of Gilman Park in said city, for street improvements made in the year 1891, the lot being a corner lot facing upon two streets. On a trial, judgment was entered in favor of the city. Defendants appeal.

The facts in the case are undisputed, and are substantially as follows: In the year 1891 the city of Ballard passed ordinances providing for the improvement of the two streets facing on the property above described, and also providing for assessments of the property to pay therefor. The streets were thereupon improved, but the assessments were declared void by the courts. Subsequently, in 1897, by virtue of an act of the legislature of March 9, 1893, the city passed ordinances providing for reassessments of this lot, to pay the costs of the improvement, together with the penalty and interest thereon. The liens created by these reassessments are the ones now sought to be foreclosed.

At the time the improvements and assessments were made the property was owned by the Woman's Home Association, a domestic corporation, of Seattle. After the street improvements were made, general taxes for state, county, and municipal purposes were levied against the lot for the years 1892 to 1896, inclusive. These taxes were permitted by the owner to become delinquent. On October 2, 1900, Alexander McDonald purchased from the treasurer of King county a certificate of delinquency for the general taxes then delinquent against the property in question, and, at the same time, paid taxes due for the years 1897-8-9. Mr. McDonald afterwards brought an

action in the superior court of King county against the "Woman's Home Association and all persons unknown, if any, having or claiming an interest or estate in and to the hereinafter described real property," to foreclose his lien for taxes against the lot in question. Thereafter, on the 16th day of April, 1901, the said court entered a judgment which recites as follows:

"This cause coming on for trial this day, and it appearing to the satisfaction of the court that the notice and summons in said cause was regularly and duly served on the above named defendants, as the law in such cases requires, and more than sixty days have elapsed since said service, and defendants have failed, neglected, and refused to appear and contest or make any appearance at all in said action, it is therefore ordered. . . ."

The judgment then proceeds to find that the plaintiff therein has a tax lien against the property, and ordered a sale thereof to satisfy the same. The property was accordingly sold and bid in by Mr. McDonald for the amount of his claim, and thereafter, on April 27, 1901, a deed was issued to him therefor. On May 31, 1901, Mr. McDonald sold and conveyed the property to the appellant George Way. Subsequently Mr. Way also obtained a deed from the Woman's Home Association for the property.

In the record of the case of McDonald v. Woman's Home Association, there is no return of personal service, but there is an attempted publication of summons, which appears to be defective for several reasons. This service, however, is not relied upon as giving the court jurisdiction in that case. Counsel for appellants relies exclusively upon the finding of service in the judgment above quoted. At the trial the validity of this judgment was attacked upon the ground that the summons had not been served, and respondent was permitted to call Mrs. Ingraham as a witness. This witness testified, that she was secretary

of the Woman's Home Association from the year 1890 to 1895, and that no one was ever elected to succeed her; that Mrs. Henry Furman was president of the corporation during the years 1899, 1900, and 1901; that the corporation was a local one, and that all the members and officers were at all times residents of King county. She was not asked and did not state that no personal service of the complaint in McDonald v. Woman's Home Association was had upon the association.

It is not questioned here that the reassessment made by the city in 1897 is regular, and that the improvements were made; nor is it questioned that the sale, and all proceedings had under the judgment in McDonald v. Woman's Home Association, are regular and valid, provided the court had jurisdiction to render the judgment. It will therefore be readily observed that there are but two principal questions in the case: (1) Did the court have jurisdiction to enter the judgment in the case of McDonald v. The Woman's Home Association? (2) If so, is the lien for general state, county, and municipal taxes paramount to the lien for street improvements?

(1) It is apparently conceded that the record shows no legal service by publication, and appellants do not contend that the record outside of the judgment shows personal service by the return of any officer or person authorized to make it. But they contend that since the court is one of general jurisdiction the finding in the decree "that the notice and summons in said cause was regularly and duly served on the above named defendants, as the law in such cases requires," is conclusive, and they rely wholly upon this finding. In the case of *Munch v. McLaren*, 9 Wash. 676, 38 Pac. 205, this court said:

"By the filing of the complaint the court obtains jurisdiction of the subject matter, and by the service of the

summons, of the person of the defendant; and every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it."

This case was followed in *Rogers v. Miller,* 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20, where it was held that the question of service of the summons was a question of fact for the court trying the case to determine, and it was there said:

"The finding of the court 'that service of the complaint and notice had been duly made according to the law,' is not contradicted by merely showing that a summons which was legally insufficient had in fact been published."

To the same effect are the following cases from this court: *Belles v. Miller,* 10 Wash. 259, 38 Pac. 1050; *State ex rel. State Ins. Co. v. Superior Court,* 14 Wash. 203, 44 Pac. 131; *Christofferson v. Pfennig,* 16 Wash. 491, 48 Pac. 264; *Kizer v. Caufield,* 17 Wash. 417, 49 Pac. 1064; *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Kalb v. German Savings & Loan Society,* 25 Wash. 353, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton,* 28 Wash. 278, 298, 68 Pac. 757; *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73. It is true, as argued by respondent, that some very eminent authorities have said that the

"findings of jurisdiction may affirm, in general terms, the service, or due service, of process, without indicating that the attention of the court has been specially called to the kind of service made, or that it has probably based its finding upon other evidence than that disclosed by the record. In such cases it is not reasonable that the general statement should prevail over the evidence contained in the record. It should rather be construed as referring to and founded upon it; and if the service shown by it is not such as will support the judgment, it should be treated as

void, notwithstanding the general statement in the judgment that process has been duly served." 1 Freeman on Judgments (4th ed.), § 130, and authorities cited.

But this court early adopted the rule that the recital of due service in the judgment, by domestic superior courts, raises the presumption of a valid service, and that every presumption must be indulged in favor thereof. Accordingly it was held in *Rogers v. Miller, supra,* that, where there was ample time for another summons to have been issued and served, this court would, on collateral attack, presume such fact in aid of the judgment; and in *Christofferson v. Pfennig, supra,* where an insufficient affidavit of publication appeared in the record, it was held that we would presume, in aid of such judgment, that other sufficient affidavits were filed; and in *State ex rel. Boyle v. Superior Court, supra,* where the return of personal service was not verified as required, it was said:

"The presumption must be that there was a valid service. This document might in fact have been sworn to in open court before the judge at the time the judgment was taken."

We are satisfied with this rule, and are not disposed to change or modify it now.

Conceding, without intending to decide, that the respondent in this case was at liberty to attack the validity of the judgment in McDonald v. Woman's Home Association, no evidence was offered that the defendants in that case were not legally served with process. The only evidence offered or introduced was to the effect that the corporation was a domestic corporation, and all the officers thereof were, at the time the action was begun, residents of King county. The defendant Woman's Home Association was therefore required to be served personally. The judgment shows upon its face that the defendants had

been served as required by law. In order to avoid the judgment, it devolved upon the respondent to show that no legal service was made, and that the court had no jurisdiction. This was not done. It follows, under the rule above stated, that the court is presumed to have had jurisdiction, and that the judgment is valid.

(2) The question as to the priority of liens for general taxes over street assessments has recently been so fully and carefully considered by this court as to need no further discussion. In *McMillan v. Tacoma,* 26 Wash. 358, 67 Pac. 68, we said:

"It must be held that the holder of a delinquent general tax certificate is not required to pay local street assessment liens before he can proceed to foreclose and sell under his general tax lien. He is entitled to a decree establishing his tax lien as paramount and superior to all other liens or charges against the property."

See, also, *Keene v. Seattle,* 31 Wash. 202, 71 Pac. 769; *State ex rel. Craver v. McConnaughey,* 31 Wash. 207, 71 Pac. 770. This being the settled rule, it follows that, when McDonald foreclosed his paramount lien and sold the property and became the purchaser, he acquired a valid title to the land, against which the respondent can not now foreclose an inferior lien. If the respondent has any right at all at this time, as against the appellants, such right is limited to a redemption. 1 Black, Judgments (2d ed.), § 448, and cases cited.

The judgment of the lower court must therefore be reversed, and the action dismissed.

Fullerton, C. J., Hadley, Dunbar, and Anders, JJ., concur.