[No. 5330.　Decided January 31, 1905.]

THE PENNSYLVANIA COMPANY, *Appellant,* v. THE CITY OF TACOMA *et al., Respondents.*[1]

TAXATION—PRIORITY OF GENERAL TAXES OVER LOCAL ASSESSMENT LIENS—INSTALLMENTS UNMATURED. The general lien for taxes is paramount, and a foreclosure thereof cuts off liens for local assessments, regardless of the fact that the local assessments are due in installments, some of which are not matured at the date of the foreclosure of the general tax.

SAME — PARTIES — PROCEEDING IN REM — MUNICIPALITY BOUND. The foreclosure of a lien for general taxes is 'a proceeding *in rem* and subsequent liens for local assessments by a city are cut off, although the city was not made a party.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered August 29, 1904, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to quiet title. Reversed.

*Fogg & Fogg,* for appellant.

*O. G. Ellis* and *J. J. Anderson,* for respondents, cited: *Markley v. Whitmore,* 61 Ohio St. 587, 56 N. E. 461; 2 Smith, Mun. Corp. § 1273; *McCollum v. Uhl,* 128 Ind. 304 , 27 N. E. 152, 725.

RUDKIN, J.—This is an action to quiet title. The following is a brief statement of the facts. The lots in controversy are situated within the corporate limits of the city of Tacoma. Taxes were levied against them for state and county purposes for the year 1895 and prior years. In 1900 a certificate of delinquency for the taxes of 1895 and prior years was issued to Pierce county by its county treasurer. In 1901 and 1902, this certificate of delinquency was foreclosed, the lots sold, and a deed therefor

1Reported in 79 Pac. 306.

executed to the county. The county thereafter conveyed the lots to the plaintiff in this action. On the 25th day of July, 1899, the city of Tacoma, by ordinance, levied an assessment on these lots, and other property, for a local improvement. The assessment was made payable in installments on the 20th day of November, in the years 1900, 1901, 1902, 1903, and 1904, respectively. Under the terms of the ordinance, the assessment thus levied was declared to be a lien on the property within the assessment district from the date of the ordinance until the assessment was paid. No question is raised as to the regularity of any of these proceedings, except that the city of Tacoma was not made a party to the proceeding to foreclose the delinquency certificate. The court below decided that the tax foreclosure cut off the lien of the local improvement assessment, in so far as the installments had matured at the time of the foreclosure, but that such lien was not affected by the foreclosure, in so far as the installments had not then matured. The correctness of this ruling is the only question presented on this appeal.

We have so often decided that the lien for general taxes is paramount to all other claims and liens, including the lien of assessments for local improvements, that the question is no longer an open one in this court. *McMillan v. Tacoma,* 26 Wash. 358, 76 Pac. 68; *Keene v. Seattle,* 31 Wash. 202, 71 Pac. 769; *State ex rel. Craver v. McConnaughey,* 31 Wash. 207, 71 Pac. 770; *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067. The fact that the local improvement assessment is payable in installments, and that some or all of the installments have not matured, can make no possible difference. The local improvement assessment, due or not due, is a charge against the property which will not be permitted to impede or interfere

with the collection of state and county taxes. This rule may operate harshly against the municipalities of the state where assessments for local improvements are made payable in installments through a long series of years, but, if so, the remedy lies with the legislature and not with this court.

The fact that the city of Tacoma was not made a party to the proceeding to foreclose the delinquency certificate does not change the rule. The law only requires that notice of the application for a tax judgment shall be served on the owner of the property, if known. If this requirement is complied with, the proceedings are *in rem,* and the judgment binds all the world. Lien claimants and others may preserve their rights by paying the taxes at any time before sale, but not otherwise.

The judgment of the court below is reversed, and the cause is remanded, with directions to enter a judgment in accordance with the prayer of the complaint.

MOUNT, C. J., and FULLERTON, HADLEY, and DUNBAR, JJ., concur.