[No. 5193.   Decided April 10, 1905.]

CITY OF BALLARD, *Respondent*, v. A. M. ROSS *et al.,*
*Appellants.*[1]

TAXATION—MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—
PRIORITY OF GENERAL TAXES OVER STREET ASSESSMENTS. The lien
for general taxes is paramount to all other claims, and a foreclosure of a delinquency certificate cuts off the lien for prior
street improvement, levied by a reassessment after the tax
foreclosure, regardless of whether the same was due, and
although the city was not made a party to the tax foreclosure.

Appeal from a judgment of the superior court of King county, Tallman, J., entered December 23, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose the lien of a local improvement assessment. Reversed.

*H. E. Peck,* for appellants.

*John W. Whitham,* for respondent.

PER CURIAM.—On the 6th day of October, 1891, the city of Ballard passed an ordinance providing for the im-

[1]Reported in 80 Pac. 439.

provement of portions of State street in said city. On the 31st day of March, 1903, a second ordinance was passed, reciting the passage of the former ordinance, the completion of the improvement, the levy of an assessment on the property benefited, and the fact that such assessment had been declared invalid by a decision of this court. The ordinance then proceeded to levy a reassessment upon the property benefited, to defray the expenses of the improvement made under the former ordinance. This action was brought to foreclose the lien of the second or reassessment. The complaint alleged the foregoing facts, and that the assessment was delinquent and unpaid.

The defendants are owners of a portion of the property included within the assessment district. The defendants answered, denying the material allegations of the complaint, and alleging affirmatively that a judgment foreclosing a certificate of delinquency for general taxes against the property in controversy was entered in the superior court of King county on the 19th day of June, 1901, and on the 6th day of July, 1901, the treasurer of said county issued and delivered to the defendant A. M. Ross a tax deed for said premises, pursuant to said tax judgment; that, if the improvement and assessment mentioned in the complaint were in fact made, they were so made, and the assessment was outstanding, prior to the foreclosure of said delinquency certificate, and that the lien for general taxes was superior and paramount to the lien of said special assessment. The answer further alleged that the defendant Ross thereafter conveyed an undivided one-half interest in the property in question to the defendant Lahue. A demurrer interposed to the affirmative defense was sustained in the court below. The cause was then heard on the complaint and the denials of the

answer, and from a judgment in favor of the plaintiff, the defendants appeal.

Under numerous decisions of this court, the affirmative answer, if true, constituted a full and complete defense to this action. In *Pennsylvania Co. v. Tacoma*, 36 Wash. 656, 79 Pac. 306, the court says:

"We have so often decided that the lien for general taxes is paramount to all other claims and liens, including the lien of assessments for local improvements, that the question is no longer an open one in this court. *McMillan v. Tacoma*, 26 Wash. 358, 67 Pac. 68; *Keene v. Seattle*, 31 Wash. 202, 71 Pac. 769; *State ex rel. Craver v. Mc-Connaughey*, 31 Wash. 207, 71 Pac. 770; *Ballard v. Way*, 34 Wash. 116, 74 Pac. 1067. The fact that the local improvement assessment is payable in installments, and that some or all of the installments have not matured, can make no possible difference. The local improvement assessment, due or not due, is a charge against the property which will not be permitted to impede or interfere with the collection of state and county taxes."

In the same case it was held that the fact that the city was not made a party to the proceeding to foreclose the delinquency certificate for general taxes is immaterial, and does not change the rule.

The judgment is therefore reversed, with instructions to overrule the demurrer to the answer, and to proceed with the trial in accordance with the views herein expressed.