[No. 12799.  Department One.  April 28, 1916.]

ISABEL WILSON, *Administratrix, Appellant,* v. FRANK KORTE
                   *et al., Respondents.*[1]

VENDOR AND PURCHASER—CONTRACT—ABSTRACT SHOWING TITLE—
CONSTRUCTION—DEFECTS CURED BY TAX TITLE. Since a contract calling
for a warranty deed conveying good title, as shown by a complete
abstract of title, only calls for a marketable title or one reasonably
free from reasonable doubt, an abstract showing an independent title
by the foreclosure of a general tax lien cures prior defects in the
chain of title, including an ancient unreleased mortgage, where the
statute of limitations has run against setting the tax title aside; in
view of Rem. & Bal. Code, § 9230, making a general tax lien superior
to all other liens, and Id., § 162, starting the running of the statute
of limitations against the same.

SAME—CONTRACTS—ABSTRACT—DEFECTS — UNPAID TAXES. A ven-
dor's contract to convey free and clear of all incumbrances is not
breached by the existence of unpaid taxes prior to the delivery of
the deed, which was not forthcoming until the full purchase price
was paid, since they were then removable; nor where the parties
submitted the title to adjudication and the taxes were paid before
the trial.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered October 7, 1914, upon find-
ings in favor of the defendants, in an action on contract. Re-
versed.

*P. F. Quinn,* for appellant.

*John H. Pelletier,* for respondents.

CHADWICK, J.—Plaintiff's decedent, A. V. Wilson, con-
tracted to sell to the defendant certain lots in the town of
Medical Lake, Washington.  The contract price was $450.
One hundred dollars was paid in cash.  The balance was to
be paid annually in sums of $100, $100, and $150.  The

[1]Reported in 157 Pac. 47.

contract provided that upon full payment of the contract price, the vendor would

". . . deliver a warranty deed, conveying good title free from all encumbrances as shown by a complete abstract of title certified by a responsible abstractor to be furnished by Wilson on or before 10 days and to be examined by the said purchaser within 10 days thereafter. If said abstract does not show such title, or cannot be made to do so within 10 days from notice of defects, then this agreement to be void and all payments hereunder shall be refunded."

The first deferred installment was not paid by the vendee. This action was brought to recover the amount due. A. V. Wilson died pending the hearing of this appeal, and his administratrix has been substituted as appellant. It appears that, after the first payment had been made and defendant had gone into possession of the property, an abstract was furnished. Various objections were made, among others, as follows:

"There is nothing in the abstract to show whether an administrator was appointed for the estate of Nancy Ann Bishop, wife of W. H. Bishop.

"There is nothing in the abstract to show whether Percy W. Bishop and Fanny E. Bishop are the only heirs at law of Nancy Ann Bishop, deceased wife of W. H. Bishop.

"There is nothing to show that A. G. Bishop was regularly appointed guardian of the persons and estate of Percy G. and Fanny E. Bishop, minors.

"There is no release of the mortgage of Albert Burkhart to Gus Ereckson for $100.00, given December 3rd, 1888, on lot 22, block 3, Bishop's addition, recorded in Book T of Mortgages at page 280.

"There is nothing to show whether W. H. Bishop on January 18, 1881, was married or a widower or divorced when he gave a warranty deed to James Benton for lots 22 and 23 in block 3 of Bishop's Addition.

"In warranty deed from W. H. Bishop to James N. Glover dated March 16, 1885, for lots 20 and 21 in block 3 of Bishop's Addition Victor R. Bishop signs as wife of W. H. Bishop and there is nothing to show whether Nancy Ann Bishop was his wife at that time or dead or divorced.

"The taxes for the year 1912 and 1913 amounting respectively to $6.00 and $10.74 are also unpaid."

The plaintiff replied, asserting that title was good; the defense being that the lapse of time had cured all of the objections that had been made other than the payment of the taxes for 1912 and 1913, and that these had been paid pending the suit. Plaintiff further set up, and it is admitted as a fact, that certificates of delinquency had been issued by the county of Spokane for the taxes of 1890 and 1891; that the county had maintained a foreclosure proceeding; that plaintiff had become the purchaser at the sale; that the county had executed a good and sufficient deed; and that plaintiff was in possession at the time, and had maintained possession until he had put defendant in possession under the contract.

Neither the abstract nor a transcript of the tax proceeding, in so far as it affects the property which is the subject of this controversy, has been made a part of the record. We assume that the abstract will show the admitted facts, and have to inquire only as to the proper legal conclusion. We do not find it necessary to decide whether an abstract showing a defect cured by the statute of limitations, or by adverse possession, meets the call of the contract to convey by "a warranty deed, conveying good title free from all incumbrances as shown by a complete abstract of title certified by a responsible abstractor;" for we assume that the abstract shows a sufficient tax foreclosure proceeding and a title independent of a title which would ordinarily come within the definition of a title deducible of record. Under any aspect of the case, all that respondents can demand is a marketable title. The definition of a marketable title in most common use is that it is a title reasonably free of reasonable doubt. This definition was adopted by this court in *Cummings v. Dolan*, 52 Wash. 496, 100 Pac. 989, 132 Am. St. 986. See, also, *Somers Co. v. Pix*, 75 Wash. 233, 134 Pac. 932, and

cases cited. In the earlier case of *Hoffman v. Titlow*, 48 Wash. 80, 92 Pac. 888, the court held that a stipulation for a complete abstract of title, entitled the purchaser to demand "a title free from hostile claims and possible litigation."

Real estate is a thing peculiarily subject to barter and sale and a title may not be captiously rejected. All objections must be considered in the light of existing law and such legal inferences as may be drawn from the facts as disclosed by the abstract. *Summy v. Ramsey*, 53 Wash. 93, 101 Pac. 506; Maupin, Marketable Title to Real Estate, p. 707, § 283.

This means no more than that a purchaser will not be compelled to accept a title which is dependent upon parol evidence. This court has had frequent occasion to declare the legal effect of a tax deed.

"By the provisions of Rem. & Bal. Code, § 9230 (P. C. 501 § 205), the lien of general taxes is declared to be superior to all other liens and claims upon the property against which such taxes are charged. The regular foreclosure of such a lien as was concededly had against this lot has, under our revenue law, all the force of a proceeding *in rem*. (*Continental Distributing Co. v. Smith*, 74 Wash. 10, 132 Pac. 631), and vests in a purchaser at a sale held under such foreclosure a new title independent of all previous titles or claims of title to the property. *Hanson v. Carr*, 66 Wash. 81, 118 Pac. 927. Manifestly, both record and possessory titles are equally absolutely destroyed by such a foreclosure. Such is the theory upon which the following decisions of this court were rendered, though they involved only the question of superiority of general tax liens over local assessment liens. *McMillan v. Tacoma*, 26 Wash. 358, 67 Pac. 68; *Keene v. Seattle*, 31 Wash. 202, 71 Pac. 769; *Ballard v. Way*, 34 Wash. 116, 74 Pac. 1067, 101 Am. St. 993; *Pennsylvania Co. v. Tacoma*, 36 Wash. 656, 79 Pac. 306; Black, Tax Titles (2d ed.), § 420. Clearly, adverse possession prior to the creation of a tax title lends not the least support to the title claimed thereafter." *Gustaveson v. Dwyer*, 78 Wash. 336, 139 Pac. 194.

We have also had occasion to construe § 162 of the code, holding that a tax deed sufficient in form will start the running of the statute and that it cannot be set aside after the time fixed by the statute. *Hamilton v. Witner*, 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921; *Lara v. Sandell*, 52 Wash. 53, 100 Pac. 166; *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick*, 64 Wash. 410, 166 Pac. 1082; *Fish v. Fear*, 64 Wash. 414, 116 Pac. 1083. The tax deed evidencing a new and independent title operates as a grant from the state and bars all inquiry as to the objections we have noted, as well as the objection that the abstract shows an ancient unreleased mortgage.

We have not overlooked the contention that the taxes for the years 1911 and 1912 were not paid at the time the abstract was delivered; but they were removable defects, and they were removed before the trial. But granting that they were incumbrances and, if allowed to remain, would operate as a breach of the vendor's covenant, the question is not material for two reasons; first, appellant was not bound to remove them prior to the delivery of his deed which was not forthcoming until the full purchase price was paid; and second, the parties, by their pleadings and proofs, have subjected the questioned title to this court for final adjudication. Respondent being in possession, the case presents all the elements of a case of specific performance or of rescission.

Reversed, with directions to enter a decree in favor of appellant.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.