[No. 14863. Department One. January 6, 1919.]

WILLIAM E. SHERMAN *et al., Respondents,* v.
ALFRED PARKER, *Appellant.*[1]

VENDOR AND PURCHASER (60)—RESCISSION BY VENDEE—FRAUD— RELIANCE ON REPRESENTATION. A sale of arid land will be rescinded for fraud, where it was induced by the seller's misrepresentation that there was plenty of water to irrigate it, emphasized by a statement of his attorney to the same effect touching on the priority of rights under the law; the buyer having the right to rely on representations peculiarly within the seller's knowledge which were difficult of ascertainment by the vendee.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered January 17, 1918, upon findings in favor of the plaintiffs, in an action for rescission, tried to the court. Affirmed.

*Parker, LaBerge & Parker,* for appellant.
*Grady & Shumate,* for respondents.

CHADWICK, J.—The court found that respondents had bought land of appellant under a misapprehension as to the appurtenant water rights, the land being practically valueless without water for irrigation, and a misapprehension as to the amount of land subject to

[1]Reported in 177 Pac. 665.

irrigation. It is contended that the representations which induced the sale were made by an agent whose authority was limited to the extent of finding a purchaser; that the representation of the owner that he had always had plenty of water to irrigate the place was no more than an expression of opinion and was qualified by the statement: "Now I will tell you Sherman, I am no lawyer; when we get down to Fred Parker's office he can tell you more about the water right than I can," and the statement of Mr. Fred Parker, when in consultation, that the law is that the first users of a stream have prior rights, that a number of people below the land involved had older rights, but since "we have had the place we have had no trouble with it," and that he, the witness, had never known of any trouble about the water right; that it was his opinion that the irrigation of the land was a benefit rather than an injury to the land below, because the water would run back into the stream and that that ground was the best reservoir that could be constructed; that respondents had been told by a third party that there might be some question about a water right to the land, and that they had ample time to satisfy themselves; and that the evidence preponderates in favor of the appellant.

The value of arid land is in the right or ability to irrigate it. We have not yet measured and fixed the extent of appropriation along the streams in the arid regions of the state, and therefore an abstract does not necessarily show the extent of a prior right, nor should neighborhood gossip or rumor estop a purchaser who buys land upon the assurance of the owner that he had never had any trouble about the water. This inducement was emphasized, it seems to us, by the statement of the attorney to the same effect, and the un-

disputed fact that the land had been in cultivation since 1875. Appellant knew that respondents were relying upon their prior quiet enjoyment and upon the advice of an attorney of their own choosing, for, as all men know, no one would buy arid land for a home unless he had a reasonable expectation of having "no trouble about water." The water was shut off of the land by the state hydraulic engineer shortly after respondents had taken possession. The latest expression of the court upon the right to rescind for misrepresentations in cases of this kind is to be found in *Smith v. Fletcher,* 102 Wash. 218, 173 Pac. 19, 636:

"The appellant contends, however, that, . . . the respondents are not entitled to recover, for the reason that their agent was on the ground and in a position to inspect the irrigation facilities and was urged by the appellant to do so. On that assumption he argues that, having had full opportunity to investigate the truth of the representations, he purchased at his own peril. But this court, in a line of cases extending from its earliest history down to the recent case of *Eyers v. Burbank Co.,* 97 Wash. 220, 166 Pac. 656, has adhered to the rule that, where facts are peculiarly within the knowledge of the vendor and difficult of ascertainment by the vendee, the vendee who relies on the vendor's word is entitled to rescind for misrepresentation as to material facts, although he may have inspected the land and made some investigation of the subject-matter of the representations."

There is some contention that appellant had a prescriptive right to use the waters of the stream. We question whether the use of water theretofore appropriated by another, but not yet put to a beneficial use, would avail to create a prescriptive right.

But be that as it may, it would entail an expensive piece of litigation, for men in the deserts will fight for water, even to the last drop. Respondents set out to

buy land, not a lawsuit. *Wilson v. Korte,* 91 Wash. 30, 157 Pac. 47.

The judgment is affirmed.

MAIN, C. J., MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.