[No. 26292. Department Two. December 11, 1936.]

METROPOLITAN LIFE INSURANCE COMPANY, *Respondent,*
v. MARGARET HARDINGER *et al., Appellants.*[1]

*C. T. Hardinger* and *Margaret Hardinger,* for appellants.

*Grinstead, Laube & Laughlin* and *Arthur Grunbaum,* for respondent.

MITCHELL, J.—A. J. Allen and his wife, for a valuable consideration, gave their interest-bearing promissory note, in the principal sum of $3,100, to the Seattle Trust Company, and at the same time, to secure the payment of the note, they gave a mortgage on the

"South 50 feet of lots six (6) and seven (7) and the south 50 feet of the east 10 feet of lot eight (8), block sixty-three (63), Plat of Wood's South Division of

[1]Reported in 62 P. (2d) 1341.

Green Lake Addition to the City of Seattle, according to plat thereof recorded in volume 4 of plats, page 19, records of said county.''

Allen and wife were the owners of the property.

The note and mortgage were duly filed and recorded in the office of the county auditor.

The Seattle Trust Company assigned the note and mortgage to the Metropolitan Life Insurance Company, a corporation, and, upon the failure of the makers of the note and mortgage to make payment as provided in the note. the Metropolitan Life Insurance Company brought this action to foreclose the mortgage in the sum provided for by the terms of the note and mortgage.

It was alleged that the defendants (including C. T. Hardinger and his wife) claim to have some interest in or lien upon the mortgaged premises, but that such interest or lien, if any, was in all respects subject, junior, and inferior to the lien of the mortgage held by the plaintiff. No personal money judgment was sought.

Summons and complaint were served on Mr. and Mrs. Hardinger in person. He appeared separately and filed a disclaimer of any and all interest in the real property. Mrs. Hardinger did not appear, and an order of default was duly entered against her.

Thereafter, the plaintiff filed a supplemental complaint, asking judgment for fire insurance premium and taxes paid by the plaintiff on the premises after the commencement of the action.

The supplemental complaint and summons were duly served upon the defendants in person. Mrs. Hardinger made no appearance in response to the supplemental complaint and summons, and her default in that respect was duly entered of record. Mr. Hardinger appeared and, in his answer to the supplemental com-

plaint, set up a counterclaim against the plaintiff in the sum of two hundred dollars for personal services alleged to have been rendered the plaintiff. Objection on the part of the plaintiff to the consideration in this action of the counterclaim was sustained, and an order to that effect, without prejudice to the right of Mr. Hardinger to set up the claim in an independent suit, was duly entered of record.

Upon the trial of the case, findings and conclusions were entered in favor of the plaintiff, upon which judgment was entered declaring that the mortgage was a good, lawful, and prior lien on the premises; that the same be foreclosed, and that the property be sold according to law for the satisfaction of the several sums due the plaintiff; and for interest, disbursements, attorney's fees, and costs of sale. Mrs. Hardinger at no time sought to have the order of default against her set aside.

Mr. and Mrs. Hardinger served and filed written notice of appeal and gave an appeal bond.

There are a number of assignments of error. They need not be specifically discussed. There is no personal judgment against Mr. Hardinger. He disclaimed all interest in the real property involved.

There was no error in dismissing, without prejudice, his alleged counterclaim, as it was not germane to the mortgage foreclosure, and in no way tended to diminish or defeat respondent's right to foreclose the mortgage. He is entitled to no relief on the appeal.

As to Mrs. Hardinger, she wholly failed to appear after personal service on her of the original complaint and summons and the supplemental complaint and summons, and orders of default to that effect were duly entered.

True, she now claims that proof of service on

her of the original complaint and summons and the supplemental complaint and summons was insufficient under the statute, but the trial court found, and in the judgment recited, that the original complaint and summons and the supplemental complaint and summons were regularly served on her in the county, and that the court had jurisdiction of the defendants and the subject-matter of the action. We cannot go behind those findings and recitals, in the absence, as here, of a statement of facts or bill of exceptions showing lack of jurisdiction. *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067, 101 Am. St. 993.

Other assignments of error are without merit and require no further consideration.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.